Melanie R. Kay (*pro hac vice*)
Kenneth R. Scott *(pro hac vice)*
Edward B. Zukoski (*pro hac vice*)
Earthjustice
1400 Glenarm Place, Suite 300
Denver, CO  80202
mkay@earthjustice.org
kscott@earthjustice.org
tzukoski@earthjustice.org
Telephone: (303) 623-9466
Fax: (303) 623-8083

Roger Flynn *(pro hac vice)*
Western Mining Action Project
P.O. Box 349, 440 Main St., #2
Lyons, CO  80540
wmap@igc.org
Telephone: (303) 823-5738
Fax: (303) 823-5732

Attorneys for Grand Canyon Trust, the Havasupai Tribe,
Center for Biological Diversity, Sierra Club, and
National Parks Conservation Association

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PRESCOTT DIVISION

| | |
|---|---|
| Gregory Yount, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:11-cv-08171-PCT-FJM |
| | ) |
| vs. | ) |
| | ) |
| Ken Salazar, Secretary of the Interior; and | ) **ANSWER OF** |
| U.S. Bureau of Land Management, | ) **INTERVENOR-DEFENDANTS** |
| | ) **GRAND CANYON TRUST** |
| Defendants, and | ) **ET AL. TO PLAINTIFF'S** |
| | ) **SECOND AMENDED** |
| Grand Canyon Trust; | ) **COMPLAINT FOR** |
| The Havasupai Tribe; | ) **DECLARATORY AND** |
| Center for Biological Diversity; | ) **INJUNCTIVE RELIEF** |
| Sierra Club; and | ) |
| National Parks Conservation Association, | ) |
| | ) |
| Defendant-Intervenors. | ) |
| | ) |

# INTRODUCTION

1.      Paragraph 1 contains Plaintiff's characterization of his case to which no answer is required.  To the extent Paragraph 1 contains allegations that require a response, Defendant-Intervenors Grand Canyon Trust, The Havasupai Tribe, Center for Biological Diversity, Sierra Club, and National Parks Conservation Association (collectively "GCT") deny these allegations.  The second sentence of Paragraph 1 also purports to characterize a Department of the Interior (DOI) Record of Decision (ROD), which ROD is the best evidence of its contents.  GCT denies the allegations in the second sentence of Paragraph 1 to the extent inconsistent with DOI's ROD.

2.      GCT denies Paragraph 2.

3.      GCT denies Paragraph 3.

4.      Paragraph 4 contains Plaintiff's characterization of the relief sought in his case to which no answer is required.  To the extent Paragraph 4 contains allegations that require a response, GCT denies the allegations.

# JURISDICTION

5.      Paragraph 5 contains legal assertions that require no answer.  To the extent a response is required, GCT denies the allegations.

# VENUE

6.      The first sentence of Paragraph 6 contains legal assertions that require no answer.  To the extent a response is required, GCT denies them.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 6 and so denies them.  GCT admits the third sentence of Paragraph 6.  GCT admits that the area encompassed by the Northern Arizona Proposed Withdrawal includes lands in Coconino and Mohave Counties, Arizona, as alleged in the fourth sentence of Paragraph 6.  The remainder of the fourth sentence of Paragraph 6 contains legal assertions that require no answer.  To the extent a response is required, GCT denies them.

**PARTIES**

7.      GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and so denies them.

8.      GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and so denies them.

9.      GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 9 and so denies them.  The third sentence of Paragraph 9 contains legal assertions that require no answer. To the extent a response is required to the allegations in the third sentence, GCT denies the allegations.

10.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and so denies them.

11.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 11 and so denies them.  The second sentence of Paragraph 11 contains legal assertions that require no answer.  To the extent a response is required to the allegations in the second sentence, GCT denies the allegations. The third sentence of Paragraph 11 contains Plaintiff's characterization of his case to which no answer is required.  To the extent the third sentence of Paragraph 11 contains allegations that require a response, GCT denies these allegations.  The fourth sentence of Paragraph 11 purports to characterize the content of DOI's environmental impact statement (EIS) concerning the mineral withdrawal, which EIS is the best evidence of its contents.  GCT denies the allegations in the fourth sentence of Paragraph 11 to the extent inconsistent with that EIS.  The fifth sentence of Paragraph 11 contains legal assertions that require no answer.  To the extent a response is required to the allegations in the fifth sentence, GCT denies the allegations.

12.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and so denies them.

13.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and so denies them.

14.     GCT denies the first sentence of Paragraph 14.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and so denies them.

15.     The first sentence of Paragraph 15 contains legal assertions that require no answer.  To the extent a response is required to the allegations in the first sentence, GCT denies the allegations.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 15 and so denies them. The third sentence of Paragraph 15 contains Plaintiff's characterization of his case to which no answer is required.  To the extent the third sentence contains allegations that require a response, GCT denies the allegations.

16.     GCT denies the allegations in Paragraph 16.

17.     Paragraph 17 contains Plaintiff's characterization of his case to which no answer is required.  To the extent Paragraph 17 contains allegations that require a response, GCT denies the allegations.

18.     GCT denies Paragraph 18.

19.     GCT admits that Ken Salazar is the Secretary of the Interior, as alleged in the first sentence of Paragraph 19.  The remainder of the first sentence of Paragraph 19 contains Plaintiff's characterization of his case to which no answer is required.  To the extent the remainder of the first sentence of Paragraph 19 contains allegations that require a response, GCT denies these allegations.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 19 and so denies them.

20.     GCT admits that BLM is an agency within the Interior Department, as alleged in Paragraph 20, and that BLM was the lead agency responsible for preparing the

NAPW Final EIS, in cooperation with numerous other agencies and native sovereign nations.  GCT denies the remainder of the allegations in Paragraph 20.

## FACTUAL ALLEGATIONS

21.     Paragraph 21 purports to characterize the Secretary of Interior's Segregation Order as published in the Federal Register on July 21, 2009, which Order is the best evidence of its contents.  GCT denies the allegations in Paragraph 21 to the extent inconsistent with that Order.

22.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 22 and so denies them.  GCT admits the remainder of Paragraph 22.

23.     GCT admits the first sentence of Paragraph 23, and the citation following it. The second sentence of Paragraph 23 purports to characterize a federal regulation, which regulation is the best evidence of its contents.  GCT denies the allegations in the second sentence Paragraph 23 to the extent inconsistent with that regulation.  GCT admits that the public comment period was set for 45 days ending on April 14, 2011, but denies the remainder of the allegations in the third sentence of Paragraph 23.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 23 and so denies them.  GCT admits the fifth sentence of Paragraph 23.

24.     GCT admits that Plaintiff Gregory Yount submitted 102 pages of materials in response to the Northern Arizona Proposed Withdrawal (NAPW) Draft Environmental Impact Statement (DEIS), as alleged in the first sentence of Paragraph 24.  GCT denies the remainder of the allegations in the first sentence of Paragraph 24.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second, third, and fourth sentences of Paragraph 24, and therefore denies them.  GCT denies the final sentence of Paragraph 24.

**New Information**

25.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26.     The first sentence of Paragraph 26 purports to characterize certain comments submitted to BLM, which comments are the best evidence of their contents. GCT denies the allegations in the first sentence Paragraph 26 to the extent inconsistent with those (poorly-identified) comments.  GCT denies the second sentence of Paragraph 26.

27.     Paragraph 27 purports to characterize the Final EIS and/or Draft EIS, which documents are the best evidence of their content.  GCT lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies them.

28.     GCT denies the allegations in Paragraph 28.

28(a).  GCT denies the allegation in the first sentence of Paragraph 28(a).  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 28(a), and therefore denies them.

28(b).  The first, third, fourth, and fifth sentences of Paragraph 28(b) purport to characterize the Final EIS and/or Draft EIS, which documents are the best evidence of their content.  GCT denies the allegations in the first, third, fourth, and fifth sentences of Paragraph 28(b) to the extent inconsistent with those documents.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 28(b), and therefore denies them.  The sixth sentence of Paragraph 28(b) purports to characterize the ROD, which is the best evidence of its content.  GCT denies the allegations in the sixth sentence of Paragraph 28(b) to the extent inconsistent with the ROD.

28(c).  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 28(c), and therefore denies them.  Further, the allegations in the second sentence of Paragraph 28(c) are ambiguous and vague, and so GCT denies them.  GCT denies the allegations in the fourth sentence of Paragraph 28(c).

28(d).  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 28(d), and therefore denies them.  The second sentence of Paragraph 28(d) purports to characterize the Final EIS, which document is the best evidence of its contents.  GCT denies the allegations in the second sentence of Paragraph 28(d) to the extent inconsistent with that document.  The third sentence of Paragraph 28(d) purports to characterize the National Environmental Policy Act (NEPA), which statute is the best evidence of its contents.  GCT denies the allegations in the third sentence of Paragraph 28(d) to the extent inconsistent with that statute.

28(e).  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 28(e), and therefore denies them.  GCT denies the allegations in the third sentence of Paragraph 28(e).

29.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.  For this reason, and because the allegations in Paragraph 29 are also ambiguous and vague, GCT denies these allegations.

30.  GCT admits that the Arizona Desert Wilderness Act is a "landmark piece of legislation," but denies the remainder of the allegation in the first sentence of Paragraph 30.  The second sentence of Paragraph 30 purports to characterize the Final EIS, which document is the best evidence of its contents.  GCT denies the allegations in the second sentence of Paragraph 30 to the extent inconsistent with that document.  GCT denies the third sentence of Paragraph 30.  The fourth sentence of Paragraph 30 purports to characterize the Final EIS, which document is the best evidence of its contents.  GCT

denies the allegations in the fourth sentence of Paragraph 30 to the extent inconsistent with that document.

31.     GCT denies Paragraph 31.

32.     GCT denies the allegations in the first sentence of Paragraph 32.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 32 and so denies them.  GCT admits that Chapter 5 of the Final EIS contains the language quoted after the second sentence of Paragraph 32.

33.     GCT denies the allegation in the first and second sentences of Paragraph 33.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, and fifth sentences of Paragraph 33 and so denies them.  Because the allegations in the sixth sentence of Paragraph 33 are ambiguous and vague, GCT denies these allegations.  GCT denies the allegations in the seventh sentence of Paragraph 33.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the eighth, ninth and tenth sentences of Paragraph 33 and so denies them.

34.     GCT denies the allegation in the first sentence of Paragraph 34.  GCT admits that individuals purporting to represent DIR Exploration, Inc. and Quaterra Resources Inc. submitted comment letters on the NAPW Draft EIS, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 34 and so denies them.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third, fourth, fifth, and sixth sentences of Paragraph 34 and so denies them.  GCT further denies the allegations in the third, fourth, fifth, sixth, and seventh sentences of Paragraph 34 because they are vague and ambiguous.

35.     GCT admits that the Final EIS contains the sentences quoted in Paragraph 35.

36.     GCT denies the first sentence of Paragraph 36.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 36 and so denies them.

37.     The first sentence of Paragraph 37 purports to characterize regulations implementing the National Environmental Policy Act (NEPA), which regulations are the best evidence of their contents.  GCT denies the allegations in the first sentence of Paragraph 37 to the extent inconsistent with that statute.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 37 and so denies them.  GCT denies the third and fourth sentences of Paragraph 37.  The fifth sentence of Paragraph 37 purports to characterize NEPA regulations, which regulations are the best evidence of their contents.  GCT denies the allegations in the fifth sentence of Paragraph 37 to the extent inconsistent with those regulations.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of Paragraph 37 and so denies them.  GCT denies the seventh sentence of Paragraph 37.

38.     GCT admits the first sentence of Paragraph 38.  GCT denies the second and third sentences of Paragraph 38.

39.     GCT denies Paragraph 39.

**No Action Alternative Not Adequately Analyzed**

40.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 40, and so denies them.  GCT admits that the Final EIS contains the sentences quoted in the third and fourth sentences of Paragraph 40.

41.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 41, and so denies them.  GCT denies the second sentence of Paragraph 41.

42.     GCT admits Paragraph 42.

43.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and so denies them.

44.     GCT admits paragraph 44.

45.     GCT denies the allegations in the first sentence of Paragraph 45.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 45 and so denies them.

46.     GCT admits paragraph 46.

47.     The first sentence of Paragraph 47 purports to characterize the Final EIS, which document is the best evidence of its contents.  GCT denies the allegations in the first sentence of Paragraph 47 to the extent inconsistent with that document.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 and so denies them.

48.     GCT denies Paragraph 48.

49.     GCT denies Paragraph 49.

50.     GCT admits Paragraph 50.

51.     GCT denies the allegations in the first sentence of Paragraph 51.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and three sentences of Paragraph 51 and therefore denies them.

52.     GCT admits that the Final EIS contains the language quoted in Paragraph 52.  GCT denies the remainder of Paragraph 52.

53.     GCT admits that the Final EIS contains the language quoted in Paragraph 53.  GCT denies the remainder of Paragraph 53.

54.     GCT admits Paragraph 54.

55.     Paragraph 55 purports to characterize the Final EIS, which document is the best evidence of its contents.  GCT denies the allegations in Paragraph 55 to the extent inconsistent with that document.

56.     Paragraph 56 purports to characterize the Final EIS, which document is the best evidence of its contents.  GCT denies the allegations in Paragraph 56 to the extent inconsistent with that document.

57.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and so denies them.

58.     GCT admits that the Arizona Desert Wilderness Act is a landmark piece of legislation, but denies the remainder of the allegation in Paragraph 58.

59.     GCT admits that Quaterra Resources Inc. submitted information during the Draft EIS comment period, but denies the remainder of the allegations in Paragraph 59.

60.     GCT admits that Quaterra Resources Inc. submitted information during the Draft EIS comment period, but denies the remainder of the allegations in Paragraph 60.

61.     GCT admits that DIR Exploration, Inc. submitted comments during the Draft EIS comment period, but denies the remainder of the allegations in Paragraph 61.

62.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies them.

63.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 63 and therefore denies them. GCT denies the second sentence of Paragraph 63.

64.     GCT denies the first and second sentences of Paragraph 64.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of Paragraph 64 and therefore denies them.  The fifth sentence of Paragraph 64 purports to characterize and quote a House Committee Report, which report is the best evidence of its contents.  GCT denies the allegations in the fifth sentence of Paragraph 64 to the extent inconsistent with that document.

65.     Paragraph 65 purports to quote and characterize correspondence between the Plaintiff and a Mr. Scott Florence, which correspondence is the best evidence of its

contents.  GCT denies the allegations in the Paragraph 65 to the extent inconsistent with that correspondence.

66.   GCT denies Paragraph 66.

**Statutory and Regulatory Background**

67.   Paragraph 67 purports to characterize NEPA, which statute is the best evidence of its contents.  GCT denies the allegations in the Paragraph 67 to the extent inconsistent with that statute.

68.   The first sentence of Paragraph 68 purports to characterize NEPA's implementing regulations, which regulations are the best evidence of their contents. GCT denies the allegations in the first sentence of Paragraph 68 to the extent inconsistent with those regulations.  GCT admits the remainder of Paragraph 68.

69.   GCT denies Paragraph 69.

70.   Paragraph 70 purports to characterize NEPA, which statute is the best evidence of its contents.  GCT denies the allegations in Paragraph 70 to the extent inconsistent with that statute.

71.   GCT admits Paragraph 71.

72.   GCT admits Paragraph 72.

73.   GCT admits Paragraph 73.

74.   GCT admits Paragraph 74.

75.   GCT admits Paragraph 75.

**CLAIMS FOR RELIEF**

**FIRST CLAIM.**

76.   GCT incorporates by reference all of its preceding answers.

77.   Paragraph 77 purports to characterize implementing rules of NEPA, which rules are the best evidence of their contents.  GCT denies the allegations in Paragraph 77 to the extent inconsistent with those rules.

78.     Paragraph 78 purports to characterize CEQ rules, which rules are the best evidence of their contents.  GCT denies the allegations in Paragraph 78 to the extent inconsistent with those rules.

79.     GCT denies Paragraph 79.

80.     The first sentence of Paragraph 80 purports to characterize NEPA, which statute is the best evidence of its contents.  GCT denies the allegations in the first sentence of Paragraph 80 to the extent inconsistent with that statute.  GCT denies the second sentence of Paragraph 80.

81.     GCT denies Paragraph 81.

82.     GCT denies Paragraph 82.

83.     GCT admits that Paragraph 83 accurately quotes 40 C.F.R. § 1502.9(c)(1)(ii).  GCT denies the remainder of Paragraph 83.

84.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and therefore denies them.

85.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through sixth sentences of Paragraph 85 and therefore denies them.  GCT denies the seventh sentence of Paragraph 85.

86.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 86 and therefore denies them.  GCT denies the third sentence of Paragraph 86.

87.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first through third sentences of Paragraph 87 and therefore denies them.  GCT denies the fourth sentence of Paragraph 87.

88.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 88 and therefore denies them. GCT denies the second sentence of Paragraph 88.

89.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 89 and therefore denies them.  GCT denies the third sentence of Paragraph 89.

90.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 90 and therefore denies them. GCT denies the remainder of Paragraph 90.

91.     GCT denies Paragraph 91.

92.     GCT denies Paragraph 92.

**SECOND CLAIM.**

93.     GCT incorporates by reference all of its preceding answers.

94.     The first and second sentences of Paragraph 94 purport to characterize a footnote to the Record of Decision (ROD), which footnote is the best evidence of its contents.  GCT denies the allegations in the first and second sentence of Paragraph 94 to the extent inconsistent with that footnote.  GCT denies the third sentence of Paragraph 94.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 94 and therefore denies them.  GCT denies the fifth sentence of Paragraph 94.

95.     GCT admits the first sentence of Paragraph 95.  GCT denies the second sentence of Paragraph 95.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 95 and therefore denies them.  GCT denies the fourth sentence of Paragraph 95.

96.     GCT admits Paragraph 96.

97.     GCT denies Paragraph 97.

98.     GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 98 and therefore denies them. The second sentence of Paragraph 98 purports to characterize two CEQ rules, which rules are the best evidence of their contents.  GCT denies the allegations in the second sentence

of Paragraph 98 to the extent inconsistent with those rules.  GCT denies the third sentence of Paragraph 98.

99.    GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 99 and therefore denies them.

100.    GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100 and therefore denies them.

101.    GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101 and therefore denies them.

102.    GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 and therefore denies them.

103.    GCT denies Paragraph 103.

104.    GCT denies Paragraph 104.

**THIRD CLAIM**

105.    GCT incorporates by reference all of its preceding answers.

106.    GCT admits the first sentence of Paragraph 106.  The remainder of Paragraph 106 purports to characterize two sections of the CEQ rules, which rules are the best evidence of their contents.  GCT denies the allegations in the remainder sentence of Paragraph 106 to the extent inconsistent with those rules.

107.    GCT denies Paragraph 107.

108.    GCT denies Paragraph 108.

109.    GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 109 and therefore denies them. GCT denies the second and third sentences of Paragraph 109.

110.    GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 and therefore denies them.

111.    GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 111 and therefore denies them.  GCT denies the allegations in the third sentence of Paragraph 111.

112.    GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 112 and therefore denies them. GCT denies the allegations in the second sentence of Paragraph 112.

113.    GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 113 and therefore denies them. GCT denies the allegations in the second sentence of Paragraph 113.

114.    GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and therefore denies them.

115.    GCT admits that the Arizona Desert Wilderness Act is landmark legislation, but lacks knowledge or information sufficient to form a belief as to the truth of the remainder of allegations in Paragraph 115 and therefore denies them.

116.    GCT denies Paragraph 116.

117.    GCT denies Paragraph 117.

118.    GCT denies Paragraph 118.

**FOURTH CLAIM**

119.    GCT incorporates by reference all of its preceding answers.

120.    GCT admits Paragraph 120.

121.    GCT admits Paragraph 121.

122.    Paragraph 122 purports to characterize NEPA, which statute is the best evidence of its contents.  GCT denies the allegations in Paragraph 122 to the extent inconsistent with that statute.

123.    GCT denies Paragraph 123.

124.    GCT denies the first three sentences of Paragraph 124.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 124 and therefore denies them.

125.    The first four sentences of Paragraph 125 purport to characterize NEPA, which statute is the best evidence of its contents.  GCT denies the allegations in the first four sentences of Paragraph 125 to the extent inconsistent with that statute.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 125 and therefore denies them.

126.    GCT denies Paragraph 126.

127.    GCT denies Paragraph 127.

128.    GCT denies Paragraph 128.

129.    GCT admits the first sentence of Paragraph 129.  GCT denies the second and third sentences of Paragraph 129.

130.    GCT denies Paragraph 130.

131.    GCT denies Paragraph 131.

**FIFTH CLAIM**

132.    GCT incorporates by reference all of its preceding answers.

133.    Paragraph 133 purports to characterize NEPA, which statute is the best evidence of its contents.  GCT denies the allegations in Paragraph 133 to the extent inconsistent with that statute.

134.    GCT admits Paragraph 134.

135.    GCT admits Paragraph 135.

136.    GCT admits the first sentence of Paragraph 136.  GCT denies the second and third sentences of Paragraph 136.  The fourth sentence of Paragraph 136 purports to characterize NEPA, which statute is the best evidence of its contents.  GCT denies the allegations in the fourth sentence of Paragraph 136 to the extent inconsistent with that statute.

137.   GCT denies Paragraph 137.

138.   GCT denies the first sentence of Paragraph 138.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 138 and therefore denies them.

139.   GCT admits the first sentence of Paragraph 139.  GCT denies the second and third sentences of Paragraph 139.

140.   GCT admits the first sentence of Paragraph 140.  GCT denies the second sentence of Paragraph 140.

141.   GCT denies Paragraph 141.

142.   GCT denies Paragraph 142.

143.   GCT denies Paragraph 143.

**SIXTH CLAIM**

144.   GCT incorporates by reference all of its preceding answers.

145.   GCT denies the first three sentences of Paragraph 145.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of Paragraph 145 and therefore denies them.  The fifth through tenth sentences of Paragraph 145 purport to characterize two opinions of the Ninth Circuit Court of Appeals, which opinions are the best evidence of their contents. GCT denies the allegations in the fifth through tenth sentences of Paragraph 145 to the extent inconsistent with those opinions.

146.   GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 146 and therefore denies them.  The fourth sentence of Paragraph 146 contains legal assertions that require no answer.  To the extent a response is required to the allegations in the fourth sentence, GCT denies the allegations.

147.     The first sentence of Paragraph 147 contains legal assertions that require no answer.  To the extent a response is required to the allegations in the first sentence, GCT denies the allegations.  GCT denies the second and third sentences of Paragraph 147.

148.     GCT denies Paragraph 148.

149.     The first sentence of Paragraph 149 purports to characterize the ROD, which ROD is the best evidence of its contents.  GCT denies the allegations in the first sentence of Paragraph 149 to the extent inconsistent with the ROD.  GCT denies the second and third sentences of Paragraph 149.  The fourth sentence of Paragraph 149 purports to characterize a two-year segregation order, which order is the best evidence of its contents.  GCT denies the allegations in the fourth sentence of Paragraph 149 to the extent inconsistent with the segregation order.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of Paragraph 149 and therefore denies them.

150.     The first sentence of Paragraph 150 purports to characterize the Secretary's withdrawal decision, which decision is the best evidence of its contents.  GCT denies the allegations in the first sentence of Paragraph 150 to the extent inconsistent with the decision.  GCT denies the second sentence of Paragraph 150.

151.     GCT denies the first sentence of Paragraph 151.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 151 and therefore denies them.

152.     GCT denies the first two sentences of Paragraph 152.  GCT lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 152 and therefore denies them.  GCT admits that the Secretary of the Interior has at his disposal other means to protect lands in the withdrawal area, as alleged in the fourth sentence of Paragraph 152, but denies the remainder of the allegations in the fourth sentence.  GCT denies the fifth sentence of Paragraph 152.

153.     GCT denies Paragraph 153.

154.    GCT denies Paragraph 154.

155.    GCT denies Paragraph 155.

## RELIEF REQUESTED

No response is required to Plaintiff's prayer for relief.  To the extent an answer is required, GCT specifically denies each allegation contained in the prayer for relief and denies that Plaintiff's are entitled to any relief.  GCT requests that this Court:

1.    Deny Plaintiff the relief he seeks;

2.    Dismiss this action with prejudice;

3.    Award GCT its costs and attorney fees to the extent provided for by law; and

4.    Award GCT such other relief as the Court deems just and proper.

## GENERAL DENIAL

GCT denies each and every allegation in the Complaint to the extent not expressly admitted in this Answer.

## DEFENSES

By way of defenses, GCT asserts that:

1.    This Court lacks subject matter jurisdiction over each of Plaintiff's causes of action.

2.    The Complaint, and each cause of action alleged in it, fail to state a claim upon which relief may be granted.

3.    Plaintiff lacks standing.

4.    Plaintiff's claims are not ripe.

5.    GCT incorporates by reference any defenses raised by any other parties to this case.

Respectfully submitted April 25, 2012.


/s/ Edward B. Zukoski
Melanie R. Kay (*pro hac vice*)
Kenneth R. Scott *(pro hac vice)*
Edward B. Zukoski *(pro hac vice)*
Earthjustice
1400 Glenarm Place, Suite 300
Denver, CO  80202
mkay@earthjustice.org
kscott@earthjustice.org
tzukoski@earthjustice.org
Telephone: (303) 623-9466
Fax: (303) 623-8083

Roger Flynn *(pro hac vice)*
Western Mining Action Project
P.O. Box 349, 440 Main St., #2
Lyons, CO  80540
wmap@igc.org
Telephone: (303) 823-5738
Fax: (303) 823-5732

Attorneys for Grand Canyon Trust, the Havasupai Tribe,
Center for Biological Diversity, Sierra Club, and
National Parks Conservation Association

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2012,  I served the foregoing ANSWER OF
INTERVENOR-DEFENDANTS GRAND CANYON TRUST ET AL. TO
PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF upon counsel of record through the Court's electronic service
system (ECF/CM) and by first class mail to Gregory Yount at the following address: 807
West Butterfield Road, Chino Valley, Arizona 86323.

Respectfully submitted April 25, 2012.

<u>s/ Edward B. Zukoski</u>