1  **WO**

2

3

4

5

6               IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

9  Gregory Yount,                     )  No. CV 11-08171-PCT-FJM
                Plaintiff,            )      CV 12-08038-PCT-GMS
10                                     )      CV 12-08042-PCT-DGC
   vs.                                )      CV 12-08075-PCT-JAT
11                                     )
   Ken Salazar, et al.,               )  **ORDER**
12              Defendants,           )
                                      )
13 Grand Canyon Trust, et al.,        )
                Intervenor-Defendants.)
14 ─────────────────────────────────  )
                                      )
15 National Mining Association, et al.,)
                Plaintiffs,           )
16                                     )
   vs.                                )
17                                     )
   Ken Salazar, et al.,               )
18              Defendants.           )
                                      )
19 ─────────────────────────────────  )
                                      )
   Northwest Mining Association,      )
20              Plaintiff,            )
                                      )
21 vs.                                )
                                      )
22 Ken Salazar, et al.,               )
                Defendants.           )
23 ─────────────────────────────────  )
                                      )
24 Quaterra Alaska, Inc., et al.,     )
                Plaintiffs,           )
25                                     )
   vs.                                )
26                                     )
   Ken Salazar, et al.,               )
27              Defendants.           )
   ─────────────────────────────────  )
28

1   The court has before it plaintiffs National Mining Association's and  Nuclear Energy

2   Institute's Motion to Consolidate (doc. 28), the federal defendants' Response in Opposition

3   (doc. 35), plaintiffs' Reply (doc. 37), plaintiffs Quaterra Alaska, Inc. et al's Motion to

4   Consolidate (doc. 49), the federal defendants' Response in Opposition (doc. 50), and the

5   Response of intervenor-defendant Grand Canyon Trust (doc. 51), to which we need not await

6   a Reply.

7   While the federal defendants oppose consolidation, they do not oppose assignment of

8   all four cases to a single judge. Response at 7, n. 3 (doc. 35); Response at 9, n. 5 (doc. 50).

9   These four cases all attack the same decision of the defendant Salazar.  There are or will be

10  motions to dismiss on grounds of standing in all four cases.  The transfer of all four cases to

11  a single judge will ensure consistency, even if the cases are not consolidated.  These cases

12  are "related cases" within the meaning of LRCiv 42.1(a).  They arise from the same decision

13  of the defendant Salazar.  They involve substantially the same parties.  They involve the

14  same land. They involve the same legal issues.  They are all likely to require an analysis of

15  the defendant Salazar's decision.  While a motion to transfer is heard by the judge assigned

16  the case with the lowest number, here the undersigned, LRCiv 42.1(b) sets forth the factors

17  by which that judge determines the judge to whom the cases will be assigned.

18  The Yount case is not a suitable lead case because the plaintiff is unrepresented.

19  While substantive matters have not been considered in any case, Judge Campbell is familiar

20  with the issues and the decision attacked here because of his processing of an earlier case

21  involving the same decision brought by environmental groups.  Assignment to Judge

22  Campbell would promote judicial efficiency because he can call upon his experience in the

23  earlier case in evaluating the decision under review.  Judge Campbell advises that he is

24  willing to take all four cases.  All four factors under LRCiv 42.1(d) point to assigning these

25  cases to Judge Campbell.  He can then decide whether they should be consolidated for some

26  or all purposes.  Even if not consolidated, unitary adjudication will minimize the risk of

27  inconsistent rulings, both with respect to standing and the ultimate merits.

28  Accordingly, it is **ORDERED GRANTING** the alternative Motions to Transfer to

- 2 -

1  a single judge under LRCiv 42.1. (Docs. 28 and 49). It is further **ORDERED** transferring

2  CV 11-08171, CV 12-08038, and CV 12-08075 to Judge Campbell, to whom CV 12-08042

3  is already assigned.

4      DATED this 18th day of July, 2012.

5

6      _Frederick J. Martone_
       Frederick J. Martone

7      United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28