IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

DOMINIKA TARCZYNSKA, NY Bar No. 4431573
JOHN S. MOST, VA Bar No. 27176
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044-7611
 (202) 305-0447 (Tarczynska)
 (202) 616-3353 (Most)
 (202) 305-0506 (fax)
DOMINIKA.TARCZYNSKA@USDOJ.GOV
JOHN.MOST@USDOJ.GOV
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**PRESCOTT DIVISION**

| | |
|---|---|
| GREGORY YOUNT,<br><br>　　　　　Plaintiff, *pro se*,<br><br>　　v.<br><br>KEN SALAZAR, SECRETARY OF THE INTERIOR, *et al.*,<br><br>　　　　　Federal Defendants,<br>　　and<br><br>GRAND CANYON TRUST, *et al.*,<br><br>　　　　　Intervenor-Defendants. | Case No. 3:11-cv-08171-PCT-DGC<br><br><br>**FEDERAL DEFENDANTS' ANSWER TO THE COMPLAINT IN CIVIL ACTION 12-CV-08038**<br>**(Lead Case)** |

| | |
|---|---|
| NATIONAL MINING ASSOCIATION, *et al.,* | |
| Plaintiffs, | Case No. 3:12-cv-08038-PCT-DGC |
| v. | |
| KEN SALAZAR, SECRETARY OF THE INTERIOR, *et al.*, | |
| Federal Defendants, | |
| and | |
| GRAND CANYON TRUST, *et al.,* | |
| Intervenor-Defendants | |
| NORTHWEST MINING ASSOCIATION, | Case No. 3:12-cv-08042-PCT-DGC |
| Plaintiff, | |
| v. | |
| KEN SALAZAR, SECRETARY OF THE INTERIOR, *et al.*, | |
| Federal Defendants, | |
| and | |
| GRAND CANYON TRUST, *et al.,* | |
| Intervenor-Defendants. | |
| QUATERRA Alaska Incorporated, *et al.*, | Case No. 3:12-cv-08075-PCT-DGC |
| Plaintiffs, | |
| v. | |
| KEN SALAZAR, SECRETARY OF THE INTERIOR, *et al.*, | |
| Federal Defendants, | |
| and | |
| GRAND CANYON TRUST, *et al.,* | |
| Intervenor-Defendants. | |

Federal Defendants Ken Salazar, Secretary of the Interior, the United States Department of the Interior, the United States Bureau of Land Management ("BLM"), the United States Forest Service, and the United States Department of Agriculture hereby respond to the allegations in Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief (hereafter, "Complaint") (Doc. *56, Case No. 3:12-cv-08038-PCT-DGC.  The numbered paragraphs in this Answer correspond to the numbered paragraphs of the Complaint.

1.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first, second, fourth, and fifth sentences, and on that basis deny them.  The allegations of the third sentence constitute Plaintiffs' characterization of their Complaint, to which no response is required.

2.     Federal Defendants deny that the withdrawal of Federal lands violates the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. §§ 1701 *et seq.*, the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, or the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*  The remaining allegations of this paragraph constitute Plaintiffs' characterization of their case, to which no response is required.

3.     The allegations of the first and second sentences purport to characterize provisions of the Record of Decision (ROD), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the third sentence and admit that if the

Secretary's withdrawal decision is set aside, there will be no effect on the status of lands outside the withdrawal area, including lands within Grand Canyon National Park.

4.      The allegations of this paragraph constitute legal conclusions and Plaintiffs' characterization of their Complaint, to which no response is required.  Further, the allegations purport to characterize this Court's June 5, 2013 order, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

5.      The allegations of this paragraph constitute legal conclusions to which no response is required.

6.      The allegations of this paragraph constitute legal conclusions to which no response is required.

7.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

8.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them.

9.       With respect to the allegations of the first sentence, Federal Defendants admit that Ken Salazar is the Secretary of the Interior; the remaining allegations of this sentence constitute Plaintiffs' characterization of their Complaint, to which no response is required.  The allegations of the second and third sentences purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the fourth sentence and admit that the withdrawal was made

pursuant to the Secretary's authority under section 204(c) of FLPMA.  Federal Defendants deny the allegations of the fifth sentence and admit that Mr. Salazar directed preparation of an environmental impact statement ("EIS").

10.    Federal Defendants deny the allegations of this paragraph and admit that the Department of the Interior has the authority to administer FLPMA, and that some of the actions it takes pursuant to FLPMA are subject to review under NEPA.

11.    Federal Defendants admit the allegations of this paragraph.

12.    Federal Defendants admit the allegations of this paragraph.

13.    Federal Defendants admit the allegations of this paragraph.

14.    The allegations of the first sentence purport to characterize provisions of 30 U.S.C. § 22, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the second sentence constitute legal conclusions to which no response is required.

15.    The allegations of this paragraph purport to characterize provisions of 30 U.S.C. § 21a, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

16.    The allegations of this paragraph purport to characterize provisions of 43 U.S.C. § 1701(a)(12), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

17.    The allegations of this paragraph purport to characterize provisions of 43 U.S.C. § 1732(a), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

18.     The allegations of this paragraph purport to characterize provisions of 43 U.S.C. § 1702(j), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

19.     The allegations of this paragraph purport to characterize provisions of Pub. L. 95-579 § 704, 90 Stat. 2792 (1976), 43 U.S.C. § 1714, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

20.     The allegations of this paragraph purport to characterize provisions of Pub. L. 94-579, § 707, 90 Stat. 2792 (1976), 43 U.S.C. § 1701 *Note on Severability of Provisions,* which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

21.     The allegations of this paragraph constitute legal conclusions to which no response is required.

22.     The allegations of this paragraph constitute legal conclusions to which no response is required.

23.     The allegations of this paragraph purport to characterize Mr. Justice White's dissent in *INS v. Chadha*, 462 U.S. 919 (1983), which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

24.     The allegations of the first sentence purport to characterize provisions 42 U.S.C. § 4321, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.  The allegations of the second and third sentences constitute legal conclusions to which no response is required.

25.     The allegations of the first and third sentences constitute legal conclusions to which no response is required.  The allegations of the second sentence purport to characterize provisions 5 U.S.C. § 706(2)(A), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

26.     The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1500.1(b) which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

27.     The allegations of this paragraph purport to characterize provisions of NEPA, 42 U.S.C. § 4332(2)(C), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

28.     The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.1, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

29.     The allegations of the first sentence constitute legal conclusions to which no response is required.  The allegations of the second sentence purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. §§ 1502.16, 1508.8, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

30.     The allegations of the first, second, third, and sixth sentences purport to characterize provisions of NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the fourth and fifth sentences constitute legal conclusions to which no response is required.

31.     The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.22, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

32.     The allegations of this paragraph purport to characterize provisions of the Arizona Wilderness Act of 1984 ("AWA"), Pub. L. 98-406, 98 Stat. 1485 (1984), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

33.     The allegations of this paragraph purport to characterize provisions of the AWA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

34.     The allegations of this paragraph purport to characterize provisions of the AWA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

35.     The allegations of this paragraph purport to characterize provisions of Arizona Wilderness Act of 1990, Public Law 101-628, 104 Stat. 4469 (Nov. 28, 1990),

which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

36.    The allegations of the first and second sentences purport to characterize provisions of the cited Federal register notice, 74 Fed. Reg. 35,887 (July 21, 2009), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants admit the allegations of the third sentence.

37.    The allegations of the first and second sentences of this paragraph purport to characterize provisions of the cited Federal register notice, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants admit the allegations of the third sentence.

38.    Federal Defendants admit the allegations of this paragraph.

39.    Federal Defendants admit the allegations of this paragraph.

40.    Federal Defendants admit the allegations of the first sentence.  The allegations of the second sentence purport to characterize provisions of the cited Federal register notice, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

41.    The allegations of this paragraph purport to characterize provisions of the cited Federal register notice, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

42.    The allegations of this paragraph purport to characterize provisions of the Draft Environmental Impact Statement ("DEIS"), which speak for themselves and are the

best evidence of their contents.  Any allegations contrary to the plain language are denied.

43.     Federal Defendants admit the allegations of this paragraph.

44.     Federal Defendants admit the allegations of the first sentence.  The allegations in the remainder of this paragraph purport to characterize public comments on the DEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

45.     The allegations of this paragraph purport to characterize public comments on the DEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

46.     The allegations of this paragraph purport to characterize public comments on the DEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

47.     The allegations of this paragraph purport to characterize public comments on the DEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

48.     The allegations of this paragraph purport to characterize public comments on the DEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

49.     The allegations of this paragraph purport to characterize public comments on the DEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

50.     The allegations of this paragraph purport to characterize public comments on the DEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

51.     The allegations of this paragraph purport to characterize public comments on the DEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

52.     Federal Defendants admit the allegations of the first sentence.  The allegations of the second sentence purport to characterize provisions of the cited Federal Register notice, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

53.     Federal Defendants admit the allegations of the first, second, and third sentences.  The allegations of the fourth sentence purport to characterize page 16 of the minutes of the August 24, 2011 meeting of the Arizona Resource Advisory Council, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

54.     Federal Defendants admit the allegations of this paragraph.

55.     The allegations of this paragraph purport to characterize provisions of the cited Federal Register notice, 76 Fed. Reg. at 66748, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

56.     The allegations of this paragraph purport to characterize provisions of the cited Federal Register notice, 76 Fed. Reg. at 66748, which speak for themselves and are

the best evidence of their contents.  Any allegations contrary to the plain language are denied.

57.     The allegations of this paragraph purport to characterize provisions of the cited Federal Register notice, 76 Fed. Reg. at 66747, the ROD, and the Final EIS ("FEIS"), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

58.     The allegations of the first sentence purport to characterize provisions of the FEIS and ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the second sentence and aver that BLM's discussion of the elimination of alternatives was legally sufficient.

59.     The allegations of this paragraph purport to characterize provisions of the FEIS and ROD, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

60.     Federal Defendants admit the allegations of the first sentence. The allegations of the second sentence purport to characterize provisions of the ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

61.     The allegations of this paragraph purport to characterize provisions of the ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

62.     Federal Defendants deny the allegations of this paragraph and admit that the potential effects of the withdrawal are fully documented in the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

63.     Federal Defendants admit the allegations of this paragraph.

64.     The allegations of this paragraph purport to characterize provisions of the ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

65.     Federal Defendants deny the allegations of the first sentence and admit that on January 9, 2012, the Secretary of the Interior signed the ROD and PLO 7787.  The allegations in second sentence purport to characterize provisions of PLO 7787 which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

66.     Federal Defendants admit the allegations of the first and third sentences. Federal Defendants deny the allegations of the second sentence and aver that the report to Congress contained all information elements required by FLPMA, along with a copy of the FEIS and ROD.  The allegations of the remaining sentences purport to characterize provisions of the report to Congress which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

67.     The allegations of this paragraph purport to characterize provisions of the report to Congress, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

68.     Federal Defendants deny the allegations of this paragraph.

69.     Federal Defendants deny the allegations of this paragraph and admit that the Secretary's decision to select the full withdrawal alternative was fully documented in the ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

70.     Federal Defendants deny the allegations of the first sentence and admit that the rationale for selecting the full withdrawal alternative is fully documented in the ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the remaining allegations of this paragraph.

71.     Federal Defendants deny the allegations of the first sentence and admit that the potential impacts of the withdrawal, including impacts from reasonably foreseeable mineral development, were fully documented in the ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  The allegations of the second sentence are speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them. Federal Defendants deny the allegations of the third sentence.

72.     The allegations of the first, second, and third sentences purport to characterize provisions of the FEIS and ROD which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied. Federal Defendants deny the allegations of the fourth sentence and admit that new mining operations on Federal lands proposed after the effective date of the withdrawal will

require the operator to demonstrate to the applicable surface managing agency that the mining claim or claims where the operations will take place constitute "valid existing rights" that are exempt from the withdrawal.  Federal Defendants deny the allegations of the fifth sentence.

73.     The allegations of the first through fifth sentences purport to characterize provisions of the ROD, public comment during the NEPA process, the DEIS, and the cited Mineral Report, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the sixth sentence.

74.     The allegations of the first sentence purport to characterize provisions of the FEIS and ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the remaining allegations of this paragraph.

75.     The allegations of the first sentence of this paragraph and the first sentence of subparagraph (a) purport to characterize provisions of the ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the second sentence of subparagraph (a) are speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.  The allegations of the first and second sentences of subparagraph (b) purport to characterize provisions of the ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Except as noted in the next sentence of this Answer, the

allegations of the third sentence of subparagraph (b) either (i) purport to characterize provisions of the ROD and the FEIS, which speak for themselves and are the best evidence of their contents; or (ii) they are speculative, and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.  To the extent the allegations of the third sentence of subparagraph (b) purport to characterize provisions of the ROD and the FEIS, Federal Defendants deny those allegations that are contrary to the plain language.  Federal Defendants admit that none of the Federal mining claims in the withdrawal area are on tribal lands.

76.  Federal Defendants deny the allegations of the first, second, and third sentences and aver that all required information was included in the report to Congress, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  The allegations of the fourth, fifth, and sixth sentences purport to characterize provisions of FLPMA and the holding of the D.C. Circuit in *New Mexico v. Watkins*, 969 F.2d 1122, 1136 (D.C. Cir. 1992), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

77.  Federal Defendants deny the allegations of this paragraph.

78.  Federal Defendants deny the allegations of the first sentence.  The allegations of the second sentence purport to characterize provisions of the ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

79.     Federal Defendants deny the allegations of the first sentence of the paragraph and admit that the factors influencing the reasonably foreseeable development of the lands in the proposed withdrawal area were fully discussed in the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  The allegations of the first and second sentences of subparagraph (a) purport to characterize provisions of the ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the remaining allegations of this paragraph.

80.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence and on that basis deny them.  Federal Defendants deny the remaining allegations of this paragraph.

81.     The allegations of the first sentence are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.  Federal Defendants deny the allegations of the second sentence and admit that mining and exploration development activities on Federal lands are subject to regulations and reviewed on a case-by-case basis.  Federal Defendants deny the allegations of the third sentence and admit that mining operations on Federal lands proposed after the effective date of the withdrawal will require the operator to demonstrate to the applicable surface managing agency that the mining claim(s) where the operations will take place constitute "valid existing rights" that are exempt from the withdrawal.  The allegations of the fourth sentences constitute legal conclusions, to which no response is required.

82.     The allegations of the first sentence constitute legal conclusions, to which no response is required.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second and third sentences, and on that basis deny them.

83.     Federal Defendants deny the allegations of the first sentence and admit that Uranium One filed with BLM two exploration notices prior to July 21, 2009, related to breccia pipes near Findlay Tank (AZA-34314 filed on September 14, 2007, and AZA-34340 filed on October 22, 2007), and that these notices have expired.  Federal Defendants deny the allegations of the second sentence and admit that on May 25, 2012, after the commencement of this action, Uranium One filed two notices (AZA-35945 and AZA-35946) proposing exploration on the same breccia pipes near Findlay Tank as the exploration notices filed in 2007.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the third sentence, and on that basis deny them.

84.     Federal Defendants deny the allegations of the first sentence and admit that operators proposing surface disturbance of 5 acres or less on BLM-managed lands that are open to the Mining Law and that are not otherwise required to file a mining plan of operations under 43 C.F.R. 3809.11(c) may file a "notice" under 43 C.F.R. 3809.300 which does not require BLM approval.  Federal Defendants deny the allegations of the second sentence.  Federal Defendants deny the allegations of the third sentence and admit that mining operations on Federal lands proposed after the effective date of the withdrawal will require the operator to demonstrate to the applicable surface managing

agency that the mining claim(s) where the operations will take place constitute "valid existing rights" that are exempt from the withdrawal.

85.    The allegations of the first sentence constitute legal conclusions, to which no response is required.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second and third sentences, and on that basis deny them.  Federal Defendants deny the allegations of the fourth sentence and admit that Uranium One must pay mining claim maintenance fees annually in order to avoid forfeiting its claims.

86.    The allegations of the first and second sentences purport to characterize provisions of the regulations at 43 C.F.R. §§ 3809.10, 3809.100, and the FEIS which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the third sentence and aver that, in addition to casual use, mining operations greater than casual use are currently occurring on mining claims on the withdrawn lands.  The allegations of the fourth and fifth sentences purport to characterize provisions of the regulations at 43 C.F.R. §§ 3809.5, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  BLM denies the allegations of the sixth sentence and admits that mining operations are currently occurring on mining claims on the withdrawn lands.  The allegations of the seventh sentence purport to characterize provisions of the regulations at 36 C.F.R. § 228.4 and the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

87.     The allegations of the first sentence are speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.  The allegations of the second and third sentences purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

88.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first through sixth sentences, and on that basis deny them.  The allegations of the seventh sentence constitute legal conclusions, to which no response is required.

89.     The allegations of this paragraph constitute legal conclusions and Plaintiffs' characterization of their Complaint, to which no response is required.

90.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

91.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

92.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence and on that basis deny them. The remaining allegations of this paragraph purport to characterize provisions of the NEI Bylaws and a document entitled "NEI Key issues," which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

93.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence and on that basis deny them. The remaining allegations of this paragraph purport to characterize provisions of a document entitled "Uranium One Environmental Policy" which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

94.     The allegations of this paragraph constitute legal conclusions and Plaintiffs' characterization of their Complaint, to which no response is required.

95.     The allegations of this paragraph constitute legal conclusions and Plaintiffs' characterization of their Complaint, to which no response is required.  Further, the allegations of subparagraphs (a) and (b) are speculative, and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

96.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

97.     Federal Defendants incorporate by reference all preceding paragraphs and deny the allegations of the bolded, unnumbered paragraph immediately preceding this paragraph.

98.     Federal Defendants deny the allegations of this paragraph.

99.     The allegations of the first sentence constitute legal conclusions, to which no response is required.  The allegations of the second sentence purport to characterize the provisions of Section 204(c)(1) of FLPMA, which speak for themselves and are the

best evidence of their contents.  Any allegations contrary to the plain language are

denied.

100.    The allegations of this paragraph constitute legal conclusions, to which no

response is required.

101.    Federal Defendants deny the allegations of this paragraph.

102.    Federal Defendants deny the allegations of this paragraph.

103.    Federal Defendants deny the allegations of this paragraph.

104.    The allegations of this paragraph constitute legal conclusions, to which no

response is required.

105.    Federal Defendants deny the allegations of this paragraph.

106.    Federal Defendants deny the allegations of this paragraph.

107.    Federal Defendants deny the allegations of this paragraph.

108.    Federal Defendants incorporate by reference all preceding paragraphs and

deny the allegations of the bolded, unnumbered paragraph immediately preceding this

paragraph.

109.    The allegations of this paragraph purport to characterize the provisions of 5

U.S.C. § 706(2)(A), which speak for themselves and are the best evidence of their

contents.  Any allegations contrary to the plain language are denied.

110.    Federal Defendants deny the allegations of this paragraph.

111.    Federal Defendants incorporate by reference all preceding paragraphs and

deny the allegations of the bolded, unnumbered paragraph immediately preceding this

paragraph.

112.    Federal Defendants deny the allegations of this paragraph.

113.    Federal Defendants deny the allegations of this paragraph.

114.    Federal Defendants deny the allegations of this paragraph.

115.    Federal Defendants deny the allegations of this paragraph.

116.    Federal Defendants deny the allegations of this paragraph.

117.    The allegations of the first and second sentences purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the third and fourth sentences.

118.    Federal Defendants deny the allegations of this paragraph.

119.    Federal Defendants incorporate by reference all preceding paragraphs and deny the allegations of the bolded, unnumbered paragraph immediately preceding this paragraph.

120.    Federal Defendants deny the allegations of this paragraph.

121.    Federal Defendants deny the allegations of this paragraph.

## PRAYER FOR RELIEF

Federal Defendants deny that Plaintiffs are entitled to the declaratory relief, vacatur, injunctive relief, or attorneys' fees and costs that Plaintiffs have requested in their Complaint.  Federal Defendants further deny that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

1

**DEFENSES**

2

1.      This Court lacks subject matter jurisdiction over Plaintiffs' claims.

3

4

2.      The complaint fails in whole or in part to state a claim upon which relief

5

may be granted.

6

3.      Federal Defendants reserve the right to assert such affirmative defenses that

7

may appear applicable during the course of this litigation.

8

9

Wherefore, Federal Defendants pray that this Court enter judgment in favor of the

10

Federal Defendants and against Plaintiffs, dismiss the complaint against the Federal

11

Defendants, deny all of Plaintiffs' claims for relief, fees and costs, and grant such other

12

relief as the Court may deem just and proper.

13

Dated:  February 22, 2013

14

15

                                        Respectfully Submitted,

16

                                        IGNACIA S. MORENO,
                                        Assistant Attorney General

17

                                        Environment and Natural Resources Division

18

                                         /s/ John S. Most

19

                                        JOHN S. MOST, Trial Attorney

20

                                        Virginia Bar, No. 27176
                                        DOMINIKA TARCZYNSKA, Trial Attorney

21

                                        New York Bar, No. 4431573
                                        Natural Resources Section

22

                                        P.O. Box 7611

23

                                        Washington, D.C. 20044-7611
                                        (202) 305-0447(Tarczynska)

24

                                        202-616-3353 (Most)

25

                                        202-305-0506 (fax)
                                        DOMINIKA.TARCZYNSKA@USDOJ.GOV

26

                                        JOHN.MOST@USDOJ.GOV

27

                                        *Counsel for Federal Defendants*

28