IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

DOMINIKA TARCZYNSKA, NY Bar No. 4431573
JOHN S. MOST, VA Bar No. 27176
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044-7611
 (202) 305-0447 (Tarczynska)
 (202) 616-3353 (Most)
 (202) 305-0506 (fax)
DOMINIKA.TARCZYNSKA@USDOJ.GOV
JOHN.MOST@USDOJ.GOV
*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
### PRESCOTT DIVISION

| | |
|---|---|
| GREGORY YOUNT, <br><br> Plaintiff, *pro se*, <br><br> v. <br><br> KEN SALAZAR, SECRETARY OF THE INTERIOR, *et al.*, <br><br> Federal Defendants, <br> and <br><br> GRAND CANYON TRUST, *et al.*, <br><br> Intervenor-Defendants. | Case No. 3:11-cv-08171-PCT-DGC **(Lead Case)** <br><br> **FEDERAL DEFENDANTS' ANSWER TO THE COMPLAINT IN CIVIL ACTION 11-CV-08171** |

| | |
|---|---|
| NATIONAL MINING ASSOCIATION, *et al.,* | Case No. 3:12-cv-08038-PCT-DGC |
| Plaintiffs, | |
| v. | |
| KEN SALAZAR, SECRETARY OF THE INTERIOR, *et al.,* | |
| Federal Defendants, | |
| and | |
| GRAND CANYON TRUST, *et al.,* | |
| Intervenor-Defendants | |
| NORTHWEST MINING ASSOCIATION, | Case No. 3:12-cv-08042-PCT-DGC |
| Plaintiff, | |
| v. | |
| KEN SALAZAR, SECRETARY OF THE INTERIOR, *et al.,* | |
| Federal Defendants, | |
| and | |
| GRAND CANYON TRUST, *et al.,* | |
| Intervenor-Defendants. | |
| QUATERRA Alaska Incorporated, *et al.,* | Case No. 3:12-cv-08075-PCT-DGC |
| Plaintiffs, | |
| v. | |
| KEN SALAZAR, SECRETARY OF THE INTERIOR, *et al.,* | |
| Federal Defendants, | |
| and | |
| GRAND CANYON TRUST, *et al.,* | |
| Intervenor-Defendants. | |

Federal Defendants Ken Salazar and the Bureau of Land Management (BLM) hereby respond to the allegations in Plaintiff's Second Amended Complaint for Declaratory and Injunctive Relief ("Complaint") (Doc. *27 in 11-cv-08171).  The numbered paragraphs in this Answer correspond to the numbered paragraphs of the complaint.

1.      The allegations of this paragraph constitute legal conclusions and Plaintiff's characterization of the Complaint, to which no response is required, and purport to characterize the cited final environmental impact statement ("FEIS") and Record of Decision ("ROD"), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

2.      Federal Defendants deny the allegations of this paragraph.

3.      Federal Defendants deny the allegations of the first and third sentences. The allegations of the second sentence purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

4.      The allegations of this paragraph constitute Plaintiff's characterization of his Complaint, to which no response is required.  Federal Defendants deny that they violated the law and deny that Plaintiff is entitled to any of the relief sought.

5.      The allegations of this paragraph constitute legal conclusions, to which no response is required.

6.      The allegations of the first and fourth sentences constitute legal conclusions to which no response is required.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second sentence, and on that basis deny them.  Federal Defendants admit the allegations of the third sentence.

7.      Federal Defendants deny the allegations of the first sentence and admit that Plaintiff has filed location notices for two mining claims in the Tusayan Ranger District of the Kaibab National Forest south of the Grand Canyon in the southern withdrawal parcel.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second through fifth sentences, and on that basis deny them.

8.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in the first sentence and on that basis deny them.  With respect to the allegations of the second sentence, Federal Defendants admit that plaintiff submitted a Plan of Operations to the Forest Service for exploration drilling.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of the second sentence and on that basis deny them.  With respect to the allegations of the third sentence, Federal Defendants admit that the two referenced claims are located on lands withdrawn by the Secretary.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of the third sentence and on that basis deny them.

9.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first and second sentences, and on that basis deny them.  Federal Defendants deny the allegations of the third sentence and aver that the withdrawal is subject to valid existing rights, which, among other things, requires a pre-existing discovery of a valuable mineral deposit.

10.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph, and on that basis deny them. Federal Defendants aver that Plaintiff voluntarily withdrew his Plan of Operations for exploration on his Makapuu #2 and Makapuu #3 claims.

11.      The allegations of the first sentence are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them. The allegations of the second and fifth sentences constitute legal conclusions, to which no response is required.  Federal Defendants deny the allegations of the third sentence. The allegations of the fourth sentence purport to characterize the FEIS, which is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

12.      Federal Defendants deny the allegations of this paragraph.

13.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first and second sentences, and on that basis deny them.  The allegations of the third sentence constitute legal conclusions, to which no response is required.

14.      With respect to the allegations of the first sentence, Federal Defendants admit that the area withdrawn by Public Land Order 7787 is not part of a

Congressionally-designated Wilderness Area.  The allegations of the remainder of the first sentence constitute legal conclusions to which no response is required. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second, third, and fourth sentences, and on that basis deny them.

15.    The allegations of the first sentence constitute legal conclusions to which no response is required.  Federal Defendants deny the allegations of the second sentence and aver that Plaintiff participated in BLM's proceedings in furtherance of the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.* (NEPA) by submitting scoping comments, comments on the Draft Environmental Impact Statement (DEIS)**,** and otherwise communicating with the BLM during consideration of the proposed withdrawal.  Federal Defendants deny the allegations of the third sentence.

16.    Federal Defendants deny the allegations of this paragraph.

17.    The allegations of this paragraph constitute legal conclusions and Plaintiff's characterization of his Complaint, to which no response is required.

18.    The allegations of the first sentence constitute legal conclusions to which no response is required.  The remaining allegations of this paragraph are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth and on that basis deny them.

19.    Federal Defendants admit that Ken Salazar is the Secretary of the Interior. The remaining allegations of the first sentence constitute Plaintiff's characterization of his complaint, to which no response is required.  With respect to the allegations of the second sentence, Federal Defendants admit that Mr. Salazar directed preparation of the

Environmental Impact Statement (EIS).   Federal Defendants deny the remaining allegations of the second sentence and aver that Secretary Ken Salazar is the official with ultimate management responsibility over the public lands surrounding the Grand Canyon National Park and that Thomas J. Vilsack, Secretary, Department of Agriculture, is ultimately responsible for administering the National Forest System lands, including the National Forest lands affected by PLO 7787.

       20.     Federal Defendants deny the allegations of this paragraph and admit that the BLM is a Bureau within the Department of the Interior and was the lead agency for preparation of the FEIS.

       21.     The allegations of this paragraph purport to characterize the provisions of the cited Federal Register Notice, which notice speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

       22.     The allegations of the first sentence of this paragraph purport to characterize provisions of BLM's notice of proposed withdrawal published in the Federal Register on July 21, 2009, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied. With respect to the allegations of the second sentence, Federal Defendants admit that BLM published a notice of intent to prepare an EIS on August 26, 2009.  The remaining allegations of the second sentence purport to characterize provisions of the cited Federal Register Notice, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

23.     With respect to the allegations of the first sentence, Federal Defendants admit that BLM published a Notice of Availability of the DIES on February 18, 2011. The remaining allegations of the first sentence purport to characterize the provisions of the cited Federal Register Notice, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  With respect to the allegations of the second sentence, Federal Defendants admit that the DEIS with appendices exceeded 1000 pages.  The remaining allegations of the second sentence purport to characterize provisions of 40 C.F.R. § 1502.7, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants admit the allegations of the third and fifth sentences.  With respect to the allegations of the fourth sentence, Federal Defendants admit that plaintiff and others requested that the BLM extend the public comment period.  The remaining allegations of the fourth sentence purport to characterize public comments during the NEPA process, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

24.     The allegations of the first, second, third and fifth sentences purport to characterize public comments during the NEPA process, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the fourth sentence.

25.     The allegations of this paragraph purport to characterize public comments during the NEPA process, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

26.     The allegations of this paragraph purport to characterize public comments during the NEPA process and the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

27.     The allegations of the first sentence purport to characterize the DEIS, the FEIS and provisions of NEPA's implementing regulations, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the second and fourth sentences.  The allegations in the third sentence purport to characterize the contents of the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

28.     The allegations of subparagraphs 28(a) through 28(d) purport to characterize provisions of the DEIS, FEIS, Record of Decision ("ROD"), public comments during the NEPA process, and NEPA's implementing regulations, which are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Further, the allegations of the second and fourth sentences of subparagraph 28(c) are speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.  The allegations of subparagraph 28(e) constitute legal conclusions to which no response is required.

29.     The allegations of this paragraph purport to characterize the FEIS and the 2008 Arizona Strip Resource Management Plan ("2008 Arizona Strip RMP"), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

30.     The allegations in the first, second, and fourth sentences purport to characterize provisions of the Arizona Wilderness Act of 1984, Pub. L. 98-406, Title III, 98 Stat. 1485 (Aug. 28, 1984) ("Arizona Wilderness Act"), the DEIS, and the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the third sentence are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

31.     Federal Defendants deny the allegations of this paragraph.

32.     The allegations of this paragraph purport to characterize the contents of the FEIS and public comments during the NEPA process, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

33.     Federal Defendants deny the allegations of the first, second and fourth sentences.  The allegations of the third, fifth and sixth sentences are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.  The allegations in the seventh sentence purport to characterize the DEIS and the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the eighth sentence and on that basis deny them.  The allegations of the ninth sentence are vague and speculative, and thus Federal Defendants are unable to form a belief as to their truth and on that basis deny them.

34.     The allegations in the first, second, third, and fifth sentences purport to characterize public comments during the NEPA process and the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of fourth and sixth sentences and on that basis deny them.   The allegations of the seventh sentence purport to characterize the FEIS and the USGS report, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.   Federal Defendants admit that USGS obtained some breccia-pipe data in the area withdrawn by PLO 7787 from the mining industry.

35.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

36.     The allegations of this paragraph purport to characterize provisions of the FEIS and the USGS report, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

37.     The allegations of the first and second sentence constitute legal conclusions to which no response is required.  The allegations of the third and fourth sentences purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the fifth, sixth, and seventh sentences constitute legal conclusions, to which no response is required.

38.     The allegations of the first sentence constitute legal conclusions to which no response is required.  Federal Defendants deny the allegations in the remainder of this paragraph.

39.     Federal Defendants deny the allegations of this paragraph.

40.     The allegations of this paragraph purport to characterize NEPA, public comments during the NEPA process, and provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

41.     The allegations of the first sentence purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied. The allegations in the second sentence constitute legal conclusions to which no response is required.

42.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

43.     The allegations of the first sentence purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the second sentence constitute legal conclusions to which no response is required.

44.     The allegations of this paragraph purport to provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

45.     The allegations of the first, second, third, and fifth sentences purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied. The allegations of the fourth sentence are speculative, and thus Federal Defendants are unable to form a belief as to their truth and on that basis deny them.

46.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

47.     The allegations of the first four sentences purport to characterize provisions of the FEIS and ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the fifth sentence.

48.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

49.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

50.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

51.     The allegations of the first two sentences purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the third sentence.

52.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

53.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

54.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

55.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  .

56.     The allegations of this paragraph purport to characterize provisions of the FEIS which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

57.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

58.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

59.     The allegations of this paragraph purport to characterize public comments during the NEPA process, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

60.     The allegations of this paragraph purport to characterize public comments during the NEPA process, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

61.     The allegations of this paragraph purport to characterize public comments during the NEPA process, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

62.     The allegations of this paragraph are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

63.     The allegations of the first sentence purport to characterize public comments during the NEPA process, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied. The allegations of the second sentence purport to characterize provisions of the ROD, the FEIS, and the Arizona Geological Survey study which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

64.     The allegations of this paragraph purport to characterize public comments during the NEPA process as well as provisions of the FEIS, the Arizona Wilderness Act, and the legislative history of the act, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

65.     The allegations of this paragraph purport to characterize communications between Plaintiff and Scott Florence, BLM's Arizona Strip District Office Manager, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

66.     Federal Defendants deny the allegations of the first sentence and admit that a Notice of Availability for the FEIS was published in the Federal Register on October 27, 2011.  The allegations of the second sentence constitute Plaintiff's characterization of his Complaint, to which no response is required.

67.     The allegations of this paragraph constitute legal conclusions to which no response is required.

68.     The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. §§ 1501-1508, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

69.     The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.0(c)(1)(ii), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

70.     The allegations of this paragraph purport to characterize provisions of NEPA, 42 U.S.C. § 4332, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

71.     The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.9, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

72.     The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.9, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

73.     The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.22, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

74.     The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.9, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

75.     The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.2, which speak for themselves and

are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

76.     Federal Defendants incorporate by reference all preceding paragraphs and deny the allegations of the bolded, unnumbered paragraph immediately preceding this paragraph.

77.     The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.9 and 40 C.F.R. § 1503.4, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

78.     The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. §§ 1503.4, 1502.12 and 1508.27, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

79.     The allegations of the first clause of this paragraph (through the phrase "supplemental NEPA document") purport to characterize provisions of NEPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the remainder of this paragraph.

80.     The allegations of the first sentence constitute legal conclusions to which no response is required.  Federal Defendants deny the allegations of the second sentence.

81.     The allegations of the first sentence purport to characterize provisions of NEPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the second sentence.

82.     The allegations of the first three sentences purport to characterize public comments during the NEPA process and provisions of the DEIS and the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the fourth sentence.

83.     The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.9, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

84.     The allegations of this paragraph purport to characterize public comments during the NEPA process, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

85.     The allegations of the first, second, fourth, fifth, and sixth sentences purport to characterize public comments during the NEPA process, the DEIS, and the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.   The allegations of the third sentence are vague and thus Federal Defendants are unable to form a belief as to their

truth, and on that basis deny them.  Federal Defendants deny the allegations of the seventh sentence.

86.     Federal Defendants deny the allegations of the first and third sentences. The allegations of the second sentence purport to characterize public comments during the NEPA process, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

87.     The allegations of the first, second, and third sentences purport to characterize public comments during the NEPA process and the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the fourth sentence.

88.     The allegations of the first sentence are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them. The allegations of the second sentence purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

89.     The allegations of the first, second and third sentences purport to characterize contents of the cited Open File Report, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.   Federal Defendants deny the allegations of the fourth sentence.

90.     The allegations of the first sentence purport to characterize public comments during the NEPA process, which speak for themselves and are the best

evidence of their contents.  Any allegations contrary to the plain language are denied.

Federal Defendants deny the allegations of the second sentence.

91.     The allegations of this paragraph constitute legal conclusions to which no response is required.

92.     Federal Defendants deny the allegations of this paragraph.

93.     Federal Defendants incorporate by reference all preceding paragraphs and deny the allegations of the bolded, unnumbered paragraph immediately preceding this paragraph.

94.     The allegations of the first and second sentences purport to characterize the contents of the ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the remaining allegations of this paragraph.

95.     The allegations of the first sentence purport to characterize the contents of the ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the remaining allegations of this paragraph.

96.     The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.22, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

97.     The allegations of the first and second sentences constitute legal conclusions to which no response is required.  The allegations of the third sentence

19

purport to characterize provisions of the DEIS and FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

98.     The allegations of the first sentence purport to characterize provisions of the ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied. The allegations of the second sentence purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.9(a) and 40 C.F.R. § 1502.22, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied. The allegations of the third sentence constitute legal conclusions to which no response is required.

99.     The allegations of this paragraph are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

100.    The allegations of this paragraph are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

101.    The allegations of this paragraph are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

102.   The allegations of this paragraph are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

103.   The allegations of this paragraph are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

104.   Federal Defendants deny the allegations of this paragraph.

105.   Federal Defendants incorporate by reference all preceding paragraphs and deny the allegations of the bolded, unnumbered paragraph immediately preceding this paragraph.

106.   The allegations of this paragraph constitute legal conclusions to which no response is required.

107.   Federal Defendants deny the allegations of this paragraph.

108.   Federal Defendants deny the allegations of this paragraph.

109.   The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

110.   The allegations purport to characterize contents of the FEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

111.   The allegations of the first and second sentences purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their

contents. Any allegations contrary to the plain language are denied.  The allegations of the third sentence constitute legal conclusions to which no response is required.

112.    The allegations of the first sentence purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.  The allegations of the second sentence constitute legal conclusions to which no response is required.

113.    The allegations of the first sentence purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the second sentence constitute legal conclusions to which no response is required.

114.    The allegations of this paragraph purport to characterize provisions of the 2008 Arizona Strip RMP and the FEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

115.    The allegations of this paragraph purport to characterize contents of the FEIS and the Arizona Wilderness Act, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

116.    Federal Defendants deny the allegations of this paragraph.

117.    Federal Defendants deny the allegations of this paragraph.

118.    Federal Defendants deny the allegations of this paragraph.

119.    Federal Defendants incorporate by reference all preceding paragraphs and deny the allegations of the bolded, unnumbered paragraph immediately preceding this paragraph.

120.    The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.2, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

121.    The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.9, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

122.    The allegations of this paragraph constitute legal conclusions to which no response is required.

123.    Federal Defendants deny the allegations of this paragraph.

124.    Federal Defendants deny the allegations of the first sentence of this paragraph.  The allegations of the second sentence of this paragraph purport to characterize contents of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the remaining allegations of this paragraph, and on that basis deny them.

125.    The allegations of this paragraph constitute legal conclusions to which no response is required.

126.    The allegations of this paragraph are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

127.    Federal Defendants deny the allegations of this paragraph.

128.    Federal Defendants deny the allegations of this paragraph.

129.    Federal Defendants deny the allegations in the first sentence and admit that the BLM was the lead agency for preparation of the EIS.  Federal Defendants deny the remaining allegations of this paragraph.

130.    Federal Defendants deny the allegations of this paragraph.

131.    Federal Defendants deny the allegations of this paragraph.

132.    Federal Defendants incorporate by reference all preceding paragraphs and deny the allegations of the bolded, unnumbered paragraph immediately preceding this paragraph.

133.    The allegations of this paragraph purport to characterize provisions of NEPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

134.    The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.9, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

135.    The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.14, which speak for themselves

and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

136.    The allegations of the first sentence purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.14, which speak for themselves and are the best evidence of their contents.  The allegations of the second and third sentences purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the fourth sentence constitute legal conclusions to which no response is required.

137.    Federal Defendants deny the allegations of this paragraph.

138.    The allegations of this paragraph purport to characterize public comments during the NEPA process and provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

139.    The allegations of the first sentence purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1502.16, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the second sentence.

140.    The allegations of the first and second sentences purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. § 1506.2, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the

1  plain language are denied. Federal Defendants deny the allegations of the third

2  sentence.

3
4          141.    Federal Defendants deny the allegations of this paragraph.

5          142.    Federal Defendants deny the allegations of this paragraph.

6          143.    Federal Defendants deny the allegations of this paragraph.

7
8          144.    Federal Defendants incorporate by reference all preceding paragraphs and

9  deny the allegations of the bolded, unnumbered paragraph immediately preceding this

10  paragraph.

11         145.    Federal Defendants deny the allegations of the first, second, and third

12  sentences.  The remainder of this paragraph purports to characterize provisions of the

13
14  ROD and the holdings of two Ninth Circuit cases,  *Havasupai Tribe v. Robertson*, 943

15  F. 2d 32 (9th Cir. 1991) and *Navajo Nation v. United States Forest Service*, 535 F.3d

16  1058 (9th Cir. 2008), which speak for themselves and are the best evidence of their

17  contents.  Any allegations contrary to the plain language are denied.

18
19         146.    This paragraph purports to characterize provisions of the FEIS and the

20  holdings of two Ninth Circuit cases, *Navajo Nation v. United States Forest Service*, and

21  *Access Fund v. United States Department of Agriculture*, 499 F.3d 1036 (9th Cir.

22  2007), which speak for themselves and are the best evidence of their contents.  Any

23
24  allegations contrary to the plain language are denied.

25         147.    The first sentence purports to characterize the holding of *Access Fund v.*

26  *United States Department of Agriculture*, which speaks for itself and is the best

27

28

evidence of its contents.  Any allegations contrary to the plain language are denied.

Federal Defendants deny the allegations of the second and third sentences.

148.    Federal Defendants deny the allegations of this paragraph.

149.    The allegations of the first sentence purport to characterize provisions of the ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the second and third sentences.    With regard to the allegations of the fourth sentence, Federal Defendants admit that the two-year segregation that resulted from the Notice of Proposed Withdrawal allowed time for studies and analyses. Federal Defendants deny the remaining allegations of the fourth sentence.  Federal Defendants deny the allegations of the fifth sentence and aver that research is occurring now.

150.    The first sentence purports to characterize provisions of the ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the second sentence.

151.    The first sentence purports to characterize provisions of the ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the second and third sentences, and on that basis, deny them.  Further, Federal Defendants aver that the withdrawal is subject to valid existing rights, which, among other things, requires a

pre-existing discovery of a valuable mineral deposit.  Federal Defendants deny the allegations of the fourth sentence and aver that the withdrawal did not accomplish a "taking" under the Fifth Amendment to the U.S. Constitution.

152.    The allegations of the first sentence purport to characterize provisions of the FEIS and ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the second and third sentences are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.  Federal Defendants deny the allegations of the remaining sentences.

153.    The allegations of the first sentence purport to characterize the contents of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the remaining allegations of this paragraph.

154.    Federal Defendants deny the allegations of this paragraph.

155.    Federal Defendants deny the allegations of this paragraph and admit that, upon information and belief, some uranium mining has and will continue in the area withdrawn by PLO 7787.

## **PRAYER FOR RELIEF**

Federal Defendants deny that Plaintiffs are entitled to declaratory relief, vacatur, injunctive relief, or attorneys' fees and costs that Plaintiff has requested in his Complaint.  Federal Defendants further deny that Plaintiff is entitled to any relief.

**GENERAL DENIAL**

Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

**DEFENSES**

1.      This Court lacks subject matter jurisdiction over Plaintiff's claims.

2.      The complaint fails in whole or in part to state a claim upon which relief may be granted.

3.      Plaintiff's claims under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq*, have been dismissed by Order of the Court dated January 8, 2013 (Doc. 87).

4.      Federal Defendants reserve the right to assert such affirmative defenses that may appear applicable during the course of this litigation.

Wherefore, Federal Defendants pray that this Court enter judgment in favor of the Federal Defendants and against Plaintiff, dismiss the complaint against the Federal Defendants, deny all of Plaintiff's claims for relief, fees and costs, and grant such other relief as the Court may deem just and proper.

Dated: February 22, 2013

Respectfully Submitted,

IGNACIA S. MORENO,
Assistant Attorney General
Environment and Natural Resources Division

 /s/ John S. Most
JOHN S. MOST, Trial Attorney

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Virginia Bar, No. 27176
DOMINIKA TARCZYNSKA, Trial Attorney
New York Bar, No. 4431573
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0447(Tarczynska)
202-616-3353 (Most)
202-305-0506 (fax)
DOMINIKA.TARCZYNSKA@USDOJ.GOV
JOHN.MOST@USDOJ.GOV

*Counsel for Federal Defendants*