IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

DOMINIKA TARCZYNSKA, NY Bar No. 4431573
JOHN S. MOST, Virginia Bar No. 27176
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044-7611
 (202) 305-0447 (Tarczynska)
 (202) 616-3353 (Most)
 (202) 305-0506 (fax)
DOMINIKA.TARCZYNSKA@USDOJ.GOV
JOHN.MOST@USDOJ.GOV
*Counsel for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
### PRESCOTT DIVISION

| | |
|---|---|
| GREGORY YOUNT,<br><br>    Plaintiff, *pro se*,<br><br> v.<br><br>KEN SALAZAR, SECRETARY OF THE INTERIOR, *et al.*,<br><br>    Federal Defendants,<br> and<br><br>GRAND CANYON TRUST, *et al.*,<br><br>    Intervenor-Defendants. | Case No. 3:11-cv-08171-PCT-DGC<br>**(Lead Case)**<br><br>**FEDERAL DEFENDANTS' ANSWER TO THE COMPLAINT IN CIVIL ACTION 12-CV-08042** |

| | |
|---|---|
| NATIONAL MINING ASSOCIATION, *et al.,* | Case No. 3:12-cv-08038-PCT-DGC |
| Plaintiffs, | |
| v. | |
| KEN SALAZAR, SECRETARY OF THE INTERIOR, *et al.,* | |
| Federal Defendants, | |
| and | |
| GRAND CANYON TRUST, *et al.,* | |
| Intervenor-Defendants | |
| NORTHWEST MINING ASSOCIATION, | Case No. 3:12-cv-08042-PCT-DGC |
| Plaintiff, | |
| v. | |
| KEN SALAZAR, SECRETARY OF THE INTERIOR, *et al.,* | |
| Federal Defendants, | |
| and | |
| GRAND CANYON TRUST, *et al.,* | |
| Intervenor-Defendants. | |
| QUATERRA Alaska Incorporated, *et al.,* | Case No. 3:12-cv-08075-PCT-DGC |
| Plaintiffs, | |
| v. | |
| KEN SALAZAR, SECRETARY OF THE INTERIOR, *et al.,* | |
| Federal Defendants, | |
| and | |
| GRAND CANYON TRUST, *et al.,* | |
| Intervenor-Defendants. | |

Federal Defendants hereby respond to the allegations in Plaintiff's Complaint for Declaratory and Injunctive Relief ("Complaint") (Doc. *1, Case No. 3:12-cv-08042) (Northwest Mining Ass'n).  The numbered paragraphs in this Answer correspond to the numbered paragraphs of the Complaint.

1.      The allegations of this paragraph constitute legal conclusions and Plaintiff's characterization of its Complaint, to which no response is required.

2.      The allegations of this paragraph constitute legal conclusions to which no response is required.

3.      The allegations of this paragraph constitute legal conclusions to which no response is required.

4.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

5.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

6.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

7.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first and third sentences and on that basis deny them.  The allegations of the second sentence are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

8.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

9.      Federal Defendants admit the allegations of the first and second sentences.  The allegations of the third sentence constitute Plaintiff's characterization of its Complaint, to which no response is required.

10.     Federal Defendants admit the allegations of the first sentence.  Federal Defendants deny the allegations of the second sentence and aver that the United States Bureau of Land Management ("BLM") is a bureau within the Department of the Interior and was the lead agency for preparation of the NEPA documents at issue in this case.

11.     Federal Defendants admit the allegations of the first sentence.  The allegations of the second sentence constitute Plaintiff's characterization of its Complaint, to which no response is required.

12.     Federal Defendants admit the allegations of the first sentence.    Federal Defendants deny the allegations of the second sentence, and aver that the United States Forest Service consented to the withdrawal challenged in this case.

13.     The allegations of the first, second and third sentences purport to characterize provisions of the Mining Law of 1872, § 30 U.S.C. §§ 22-54, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the fourth sentence constitute legal conclusions to which no response is required.

14.     The allegations of the first sentence constitute legal conclusions to which no response is required.  Federal Defendants deny the allegations of the second sentence.

15.     The allegations of this paragraph purport to characterize provisions of the Mining and Mineral Policies Act of 1970 ("MMPA"), 30 U.S.C. § 21a, Pub. L. 91-631, Dec. 31, 1970) which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

16.     The allegations of this paragraph purport to characterize provisions of the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

17.     Federal Defendants admit the allegations of the first and second sentences.  The allegations of the third and fourth sentences purport to characterize the cited report, prepared by the Public Land Law Review Commission, which report speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.   Federal Defendants deny the allegations of the fifth sentence, and aver that, in 1976, Congress enacted and the President signed into law the Federal Land Policy and Management Act ("FLPMA").  43 U.S.C. §§ 1701-1787.

18.     The allegations of this paragraph purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

19.     The allegations of this paragraph purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

20.     The allegations of this paragraph purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

21.     The allegations of this paragraph purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

22.     The allegations of this paragraph purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

23.     The allegations of this paragraph purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

24.     The allegations of this paragraph purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

25.     The allegations of this paragraph purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

26.     The allegations of this paragraph purport to characterize provisions of FLPMA and the MMPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

27.     The allegations of this paragraph purport to characterize provisions of National Forest Management Act ("NFMA"), 16 U.S.C. §§ 1600 *et seq.*, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

28.     The allegations of this paragraph purport to characterize provisions of NFMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

29.     The allegations of this paragraph constitute legal conclusions to which no response is required.

30.     The allegations of the first sentence purport to characterize provisions of NEPA, 42 U.S.C. §§ 4321 *et seq.*, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the second and third sentences constitute legal conclusions to which no response is required.

31.     The allegations of the first sentence purport to characterize provisions of NEPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants admit the allegations of the second sentence.

32.     The allegations of this paragraph purport to characterize provisions of NEPA's implementing regulations, 40 C.F.R. §§ 1501-1508, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

33.     The allegations of this paragraph purport to characterize provisions of NEPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

34.     The allegations of this paragraph purport to characterize provisions of NEPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

35.     The allegations of this paragraph purport to characterize provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.*, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

36.     The allegations of this paragraph purport to characterize provisions of the APA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

37.     The allegations of this paragraph purport to characterize provisions of the APA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

38.     The allegations of this paragraph purport to characterize provisions of the 1984 Arizona Wilderness Act ("AWA"), Pub. L. 98-406, Title III, 98 Stat. 1485 (Aug.

28, 1984), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

39.     Federal Defendants deny the allegations of the first sentence and aver that, on July 21, 2009, the Department published notice in the Federal Register, 74 Fed. Reg. 35,887 (July 21, 2009), of the Secretary's proposal to withdraw approximately 633,547 acres of public lands and 360,002 acres of National Forest System lands on and near the Arizona Strip for up to 20 years.  The allegations of the second sentence purport to characterize provisions of the AWA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the third sentence purport to characterize the cited Federal Register Notice, which notice speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

40.     The allegations of this paragraph purport to characterize the cited Federal Register Notice, which notice speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

41.     Federal Defendants admit the allegations of the first sentence.  Federal Defendants deny the allegations of the second sentence and admit that BLM concluded that the mineral potential for uranium in the proposed withdrawal area was high.

42.     Federal Defendants admit the allegations of the first sentence.  The remaining allegations of this paragraph purport to characterize the cited draft environmental impact statement ("DEIS"), which statement speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

43.     The allegations of this paragraph purport to characterize the DEIS, which statement speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

44.     Federal Defendants admit the allegations of this paragraph.

45.     Federal Defendants deny the allegations of this paragraph and admit that NWMA and others associated with the mining industry submitted comments on the DEIS.

46.     The allegations of the first sentence purport to characterize public comments on the DEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the second sentence are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

47.     The allegations of this paragraph purport to characterize public comments on the DEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

48.     The allegations of this paragraph purport to characterize public comments on the DEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

49.     Federal Defendants admit the allegations of the first and second sentences.   The allegations of the third sentence purport to characterize the cited Federal Register Notice, which notice speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  Federal

Defendants deny the allegations of the fourth sentence.  Federal Defendants deny the allegations of the fifth sentence of this paragraph and aver that one of the reasons for the emergency was that the NEPA process would not be completed in time to make a final decision on the challenged withdrawal prior to the expiration of the segregation period.

50.     Federal Defendants admit the allegations of the first sentence.  The remaining allegations of this paragraph purport to characterize the cited final environmental impact statement ("FEIS"), which statement speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

51.     The allegations of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  Further, the allegations of this paragraph are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

52.     Federal Defendants admit the allegations of this paragraph.

53.     Federal Defendants deny the allegations of the first sentence and admit that the Secretary of the Interior signed a ROD on January 9, 2012.  The remaining allegations of this sentence purport to characterize the cited Federal Register Notice, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the second sentence and admit that the Secretary of the Interior signed PLO 7787 on January 9, 2012.  The remaining allegations of this sentence purport to characterize PLO 7787 and

the cited Federal Register Notice, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the third sentence purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

54.     The allegations of this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

55.     The allegations of this paragraph constitute legal conclusions, to which no response is required.

56.     Federal Defendants incorporate by reference all preceding paragraphs and deny the allegations of the unnumbered parenthetical immediately preceding this paragraph.

57.     The allegations of this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

58.     Federal Defendants deny the allegations of the first and second sentences. With respect to the third sentence of this paragraph, the allegations of subparagraphs (a) and (b) purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  With respect to subparagraph (c), the allegations of the first sentence are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis

deny them.  As to the second sentence of subparagraph (c), Federal Defendants deny that the withdrawal prevents the development of valid existing rights and admit that the withdrawal prevents the location of new mining claims in the withdrawn area.  The remaining allegations of the second sentence of subparagraph (c) are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.  The allegations of the third sentence of subparagraph (c) purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  The allegations of subparagraph (d) purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

59.     Federal Defendants deny the allegations of this paragraph.

60.     Federal Defendants deny the allegations of this paragraph.

61.     Federal Defendants deny the allegations of this paragraph.

62.     Federal Defendants deny the allegations of this paragraph.

63.     Federal Defendants deny the allegations of this paragraph.

64.     Federal Defendants incorporate by reference all preceding paragraphs and deny the allegations of the unnumbered parenthetical immediately preceding this paragraph..

65.     Federal Defendants admit the allegations of this paragraph.

66.     Federal Defendants admit the allegations of this paragraph.

67.     The allegations of this paragraph constitute legal conclusions to which no response is required.

11

68.     Federal Defendants deny the allegations of this paragraph and aver (i) that the U.S Forest Service was a cooperating agency in preparing the FEIS; (ii) that the FEIS properly examined and disclosed the effects of the Forest Service's action in consenting to the withdrawal; and (iii) that the Forest Service complied with NEPA in all other respects.

69.     The allegations of this paragraph purport to characterize the cited forest plan, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

70.     The allegations of this paragraph purport to characterize the cited federal register notice, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

71.     The allegations of this paragraph constitute legal conclusions to which no response is required.

72.     Federal Defendants deny the allegations of this paragraph.

73.     Federal Defendants deny the allegations of this paragraph.

74.     Federal Defendants deny the allegations of this paragraph.

75.     Federal Defendants incorporate by reference all preceding paragraphs and deny the allegations of the unnumbered parenthetical immediately preceding this paragraph.

76.     The allegations of this paragraph purport to characterize provisions of the cited NEPA regulation, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

77.     The allegations of this paragraph purport to characterize provisions of the cited NEPA regulation, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

78.     The allegations of the first sentence purport to characterize provisions of the cited NEPA regulation, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the second sentence constitute legal conclusions, to which no response is required.

79.     The allegations of this paragraph purport to characterize provisions of the FEIS and ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

80.     The allegations of the first sentence purport to characterize provisions of the ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the second sentence.  The allegations of the third sentence are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.  Federal Defendants deny the allegations of the fourth sentence.

81.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

82.     The allegations of the first sentence constitute legal conclusions to which no response is required.  Federal Defendants deny the allegations of the second sentence.

83.     The allegations of this paragraph constitute legal conclusions to which no response is required and purport to characterize provisions of the cited report prepared by the U.S. Geological Survey, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

84.     The allegations of this paragraph purport to characterize provisions of the FEIS and ROD, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

85.     Federal Defendants deny the allegations of this paragraph.

86.     Federal Defendants deny the allegations of this paragraph.

87.     Federal Defendants deny the allegations of this paragraph.

88.     Federal Defendants incorporate by reference all preceding paragraphs and deny the allegations of the unnumbered parenthetical immediately preceding this paragraph.

89.     The allegations of this paragraph purport to characterize provisions of the cited NEPA regulation, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

90.     The allegations of this paragraph constitute legal conclusions to which no response is required.

91.     The allegations of this paragraph purport to characterize public comments during the NEPA process, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

92.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

93.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

94.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them. Further, the allegations of this paragraph purport to characterize public comments during the NEPA process, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

95.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

96.      The allegations of this paragraph constitute legal conclusions to which no response is required.

97.     The allegations of this paragraph purport to characterize public comments during the NEPA process, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

98.     The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

99.     The allegations of this paragraph purport to characterize public comments during the NEPA process and provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

100.    The allegations of this paragraph purport to characterize public comments during the NEPA process and provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

101.    The allegations of the first sentence purport to characterize public comments during the NEPA process and provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the second sentence.

102.    The allegations of this paragraph constitute legal conclusions to which no response is required.

103.    Federal Defendants deny the allegations of this paragraph.

104.    Federal Defendants deny the allegations of this paragraph.

105.    Federal Defendants deny the allegations of this paragraph.

106.    Federal Defendants incorporate by reference all preceding paragraphs and deny the allegations of the unnumbered parenthetical immediately preceding this paragraph.

107.    The allegations of this paragraph purport to characterize provisions of NEPA and of the cited NEPA regulation, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

108.    The allegations of this paragraph constitute legal conclusions to which no response is required.

109.    The allegations of this paragraph purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

110.    The allegations of the first and second sentences purport to characterize provisions of the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the third sentence.

111.    Federal Defendants deny the allegations of this paragraph.

112.    Federal Defendants deny the allegations of this paragraph.

113.    Federal Defendants deny the allegations of this paragraph.

114.    Federal Defendants deny the allegations of this paragraph.

115.    Federal Defendants deny the allegations of this paragraph.

116.   Federal Defendants incorporate by reference all preceding paragraphs and deny the allegations of the unnumbered parenthetical immediately preceding this paragraph.

117.   The allegations of this paragraph purport to characterize provisions of the cited NEPA regulation, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

118.   Federal Defendants deny the allegations of this paragraph.

119.   The allegations of this paragraph purport to characterize provisions of the FEIS and ROD, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

120.   Federal Defendants admit the allegations of the first sentence.  Federal Defendants deny the allegations of the second and third sentences.

121.   The allegations of this paragraph purport to characterize provisions of the ROD, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

122.   The allegations of this paragraph purport to characterize provisions of the FEIS and ROD, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

123.   The allegations of this paragraph purport to characterize provisions of the FEIS and ROD, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

124.   Federal Defendants deny the allegations of this paragraph.

125.    Federal Defendants deny the allegations of this paragraph.

126.    Federal Defendants deny the allegations of this paragraph.

127.    Federal Defendants incorporate by reference all preceding paragraphs and deny the allegations of the unnumbered parenthetical immediately preceding this paragraph.

128.    The allegations of this paragraph purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

129.    The allegations of this paragraph purport to characterize provisions of the United States Constitution, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

130.    The allegations of this paragraph constitute legal conclusions to which no response is required.

131.    The allegations of this paragraph constitute legal conclusions to which no response is required.

132.    The allegations of this paragraph constitute legal conclusions to which no response is required.

133.    Federal Defendants admit the allegations of this paragraph.

134.    The allegations of this paragraph constitute legal conclusions to which no response is required.

135.   The allegations of this paragraph purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

136.   The allegations of this paragraph constitute legal conclusions to which no response is required.

137.   Federal Defendants deny the allegations of this paragraph.

138.   Federal Defendants deny the allegations of this paragraph.

139.   The allegations of this paragraph constitute legal conclusions to which no response is required.

140.   Federal Defendants deny the allegations of this paragraph.

141.   Federal Defendants deny the allegations of this paragraph.

142.   The allegations of the first sentence purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the second sentence.

143.   Federal Defendants deny the allegations of this paragraph.

144.   Federal Defendants deny the allegations of this paragraph.

145.   Federal Defendants deny the allegations of this paragraph.

## **PRAYER FOR RELIEF**

Federal Defendants deny that Plaintiff is entitled to the declaratory relief, vacatur, injunctive relief, or attorneys' fees and costs that Plaintiff has requested in its Complaint.  Federal Defendants further deny that Plaintiff is entitled to any relief.

**GENERAL DENIAL**

Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

**DEFENSES**

1.    This Court lacks subject matter jurisdiction over Plaintiff's claims.

2.    The complaint fails in whole or in part to state a claim upon which relief may be granted.

3.    Plaintiff's claims under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq*, have been dismissed by Order of the Court dated January 8, 2013 (See Doc. 87).

4.    Federal Defendants reserve the right to assert such affirmative defenses that may appear applicable during the course of this litigation.

Wherefore, Federal Defendants pray that this Court enter judgment in favor of the Federal Defendants and against Plaintiff, dismiss the complaint against the Federal Defendants, deny all of Plaintiff's claims for relief, fees and costs, and grant such other relief as the Court may deem just and proper.

Dated: February 22, 2013

Respectfully Submitted,

IGNACIA S. MORENO,
Assistant Attorney General
Environment and Natural Resources Division

 /s/ John S. Most
JOHN S. MOST, Trial Attorney
Virginia Bar, No. 27176
DOMINIKA TARCZYNSKA, Trial Attorney

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

New York Bar, No. 4431573
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0447(Tarczynska)
202-616-3353 (Most)
202-305-0506 (fax)
Dominika.Tarczynska@usdoj.gov
John.Most@usdoj.gov

*Counsel for Federal Defendants*