IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

DOMINIKA TARCZYNSKA, NY Bar No. 4431573
JOHN S. MOST, VA Bar No. 27176
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044-7611
 (202) 305-0447 (Tarczynska)
 (202) 616-3353 (Most)
 (202) 305-0506 (fax)
DOMINIKA.TARCZYNSKA@USDOJ.GOV
JOHN.MOST@USDOJ.GOV
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PRESCOTT DIVISION**

| | |
|---|---|
| GREGORY YOUNT,<br><br>               Plaintiff, *pro se*,<br><br>   v.<br><br>KEN SALAZAR, SECRETARY OF THE INTERIOR, *et al.*,<br><br>             Federal Defendants,<br>  and<br><br>GRAND CANYON TRUST, *et al.,*<br><br>            Intervenor-Defendants. | Case No. 3:11-cv-08171-PCT-DGC<br>**(Lead Case)**<br><br>**FEDERAL DEFENDANTS' ANSWER TO THE COMPLAINT IN CIVIL ACTION 12-CV-08075** |

| | |
|---|---|
| NATIONAL MINING ASSOCIATION, *et al.,*<br><br>     Plaintiffs,<br>  v.<br><br>KEN SALAZAR, SECRETARY<br>OF THE INTERIOR, *et al.,*<br><br>     Federal Defendants,<br>  and<br><br>GRAND CANYON TRUST, *et al.,*<br><br>     Intervenor-Defendants | Case No. 3:12-cv-08038-PCT-DGC |
| NORTHWEST MINING ASSOCIATION,<br><br>     Plaintiff,<br>  v.<br><br>KEN SALAZAR, SECRETARY<br>OF THE INTERIOR, *et al.,*<br><br>     Federal Defendants,<br>  and<br><br>GRAND CANYON TRUST, *et al.,*<br><br>     Intervenor-Defendants. | Case No. 3:12-cv-08042-PCT-DGC |
| QUATERRA Alaska Incorporated, *et al.,*<br><br>     Plaintiffs,<br>  v.<br><br>KEN SALAZAR, SECRETARY<br>OF THE INTERIOR, *et al.,*<br><br>     Federal Defendants,<br>  and<br><br>GRAND CANYON TRUST, *et al.,*<br><br>     Intervenor-Defendants. | Case No. 3:12-cv-08075-PCT-DGC |

Federal Defendants hereby respond to the allegations in Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief ("Complaint") (Doc. *30, Case No. 3:12-cv-08075-PCT-DGC).   The numbered paragraphs in this Answer correspond to the numbered paragraphs of the Complaint.

1.      The allegations of the first sentence constitute Plaintiffs' characterization of their Complaint, to which no response is required.  Federal Defendants deny the remainder of the allegations of this paragraph.

2.      The allegations of this paragraph constitute legal conclusions and Plaintiffs' characterization of their Complaint to which no response is required.

3.      The allegations of the first and second sentences constitute legal conclusion to which no response is required. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the third sentence and on that basis deny them.

4.       The allegations of this paragraph constitute legal conclusions to which no response is required.

5.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

6.      Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

7.      With respect to the allegations of the first sentence, Federal Defendants admit that Coconino and Mohave counties in Arizona and Kane, San Juan and

Washington counties in Utah were cooperating agencies in connection with the EIS and deny the remaining allegations.  The allegations of the second sentence purport to characterize provisions of NEPA, 42 U.S.C. § 4332(2)(C), NEPA's implementing regulations, 40 C.F.R. §§ 1502.16(c), 1506.2(d), and the Northern Arizona Withdrawal ("NAW") Final Environmental Impact Statement ("FEIS"), all of which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis deny them.

8.     Federal Defendants admit that Kane County, Utah is located to the north of the North Parcel of the NAW.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis deny them.

9.     Federal Defendants admit that Washington County had cooperating agency status with respect to the FEIS.  To the extent that this paragraph purports to characterize the FEIS, that document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in the remaining allegations of this paragraph and on that basis deny them.

10.     Federal Defendants admit that the City of Fredonia, Arizona is located to the north of the North Parcel of the NAW.  Federal Defendants lack knowledge and

information sufficient to form a belief as to the remaining allegations contained in this paragraph and on that basis deny them.

11.    Federal Defendants admit that the North Parcel of the NAW is located in Mohave and Coconino counties.  Federal Defendants further admit that the City of Fredonia is located in Coconino County.  Federal Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations contained in this paragraph and on that basis deny them.

12.    Federal Defendants admit that Mohave County was a cooperating agency with respect to the FEIS.  Federal Defendants lack knowledge and information sufficient to form a belief as to the remaining allegations contained in this paragraph and on that basis deny them.

13.    The allegations of the first sentence constitute Plaintiffs' characterization of their Complaint, to which no response is required.  Defendants deny the allegations of the second sentence and admit that Secretary Salazar signed Public Land Order 7787, which withdrew more than one million acres of federal land from operating of the Mining Law, for twenty years subject to valid existing rights, and the Record of Decision ("ROD") for the NAW FEIS.  Federal Defendants admit the allegations of the third sentence.

14.    Federal Defendants admit the allegations of this paragraph.

15.    Federal Defendants admit that Robert V. Abbey was the Director of the BLM, but otherwise deny the allegations of this paragraph and aver that Michael Pool, Senior Advisor-Land Management, is substituted pursuant to Rule 25(d)(1) of the

Federal Rules of Civil Procedure, and in his official capacity is responsible for managing the public lands in accordance with the U.S. Constitution and federal law.

16.    Federal Defendants deny the allegations of this paragraph, and aver that the BLM is a Bureau within the Department of the Interior and that BLM was the lead agency for preparation of the FEIS.

17.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

18.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

19.    Federal Defendants deny the allegations of this paragraph and aver that mining operations on withdrawn lands proposed after the effective date of the withdrawal will require the operator to demonstrate to the applicable surface managing agency that the mining claim(s) where the operations will take place constitute "valid existing rights" that are exempt from the withdrawal.

20.    The allegations of the first sentence are legal conclusions to which no response is required. Further, these allegations purport to characterize provisions of FLPMA, 43 U.S.C. §§1701(a)(12), 1702(l), and the Mining and Minerals Policy Act, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations in the second sentence because the Court has already ruled that Quaterra's interests fall outside of NEPA's "zone of interests."  *See* Doc. 87 at 41-42 (January 8, 2013

Opinion).  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the third sentence and on that basis deny them.

21.    The allegations of the first sentence purport to characterize provisions of NEPA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied. Federal Defendants admit the allegations of the second sentence.  Federal Defendants deny the remaining allegations of this paragraph.

22.    The allegations of this paragraph are speculative and thus Federal Defendants are unable to form a belief as to their truth and on that basis deny them.

23.    In response to this paragraph, Federal Defendants aver that Mohave County and the other counties listed in paragraph 7 of this answer participated in the preparation of the EIS as cooperating agencies.  The remaining allegations of this paragraph are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

24.    The allegations of the first sentence purport to characterize comments submitted to the BLM by members of the Arizona Utah Local Economic Coalition (the "Coalition"), which comments speak for themselves and are the best evidence of their contents.   Any allegations contrary to the plain language are denied.   Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis deny them.  To the extent these allegations purport to characterize provisions of the Mohave County General

Plan, that document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

25.     Federal Defendants deny the allegations of the first sentence.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second and third sentences and on that basis deny them.

26.     Federal Defendants aver that the County has provided the BLM with a document stating that it is County Resolution 2009-040.  That document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and on that basis deny them

27.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them. To the extent these allegations purport to characterize provisions of A.R.S. 49-473 and the Mohave County General Plan, they speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

28.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

29.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them. To the extent that the allegations of this paragraph purport to characterize provisions of

state law, those laws speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

30.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

31.     Federal Defendants deny the allegations of this paragraph.

32.     The allegations of this paragraph purport to characterize provisions of the Mining Law of 1872, § 30 U.S.C. §§ 21a, 22, 29, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

33.     The allegations of this paragraph constitute legal conclusions to which no response is required.

34.     Federal Defendants admit that FLPMA was adopted in 1976.  The remaining allegations of this paragraph purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

35.     The allegations of this paragraph purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

36.     The allegations of this paragraph purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

37.     The allegations of this paragraph purport to characterize provisions of FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

38.     The allegations of this paragraph purport to characterize provisions of Arizona law, A.R.S. §§ 11-269.09, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

39.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them. To the extent that the allegations of this paragraph purport to characterize provisions of Mohave County Resolution 2009-040, that resolution speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied. Federal Defendants deny the allegations of the third sentence and admit that the withdrawal is inconsistent with a document stating that it is Mohave County Resolution 2009-040.

40.     The allegations of this paragraph purport to characterize provisions of FLPMA, 43 U.S.C. §§ 1712; 1714, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

41.     The allegations of this paragraph purport to characterize provisions of the Archeological Resources Protection Act (ARPA), 16 U.S.C. §§470aa-4770ll, the Native American Graves Protection and Repatriation Act (NAGPRA), 25 U.S.C. §3001, the National Historic Preservation Act (NHPA), 16 U.S.C. §§470-470x-6, 36 C.F.R. Part 800, FLPMA, NEPA, and the Religious Land Use and Institutionalized Persons Act

(PLUIPA), 42 U.S.C. Part 2000cc, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

42.     The allegations of this paragraph purport to characterize provisions of 36 C.F.R. §800.4(c), 43 C.F.R. §3809.420(b)(8), 43 C.F.R. §§3809.5; 3809.401(c)(1); 3809.415(a); 3809.420, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

43.     The allegations of this paragraph purport to characterize provisions of BLM Manual, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

44.     Federal Defendants admit that uranium mining has changed since the days of the Cold War.   The remaining allegations of this paragraph are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.  Federal Defendants admit the allegations of this paragraph.

45.     With respect to the allegations in the first sentence, Federal Defendants admit that the Environmental Protection Agency was established in 1970 and that it regulates radiation exposure.  To the extent Plaintiffs purport to characterize the EPA's authority, that authority is set forth by various statutes, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The allegations of the second sentence purport to characterize provisions of the Atomic Energy Act, the Clean Air Act ("CAA"), and other legislation which speak for themselves and are the best evidence of their contents.  Any allegations contrary to

the plain language are denied.  The allegations of the third sentence constitute legal conclusions to which no response is required.

46.     The allegations of this paragraph purport to characterize provisions of the CAA, 42 U.S.C. §7412, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

47.     The allegations of this paragraph purport to characterize provisions of section 112 of the CAA, 42 U.S.C. §7412(b)(1)(B) and the National Emission Standards for Hazardous Air Pollutants for Radionuclides (Rad NESHAPs), published by the EPA in 1989, 54 Fed. Reg. 51654 (1989), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

48.     The allegations of this paragraph purport to characterize provisions of the CAA, Rad NESHAP regulations, 40 C.F.R. Part 61, Subpart B, and 54 Fed. Reg. at 51678, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

49.     The allegations of this paragraph purport to characterize provisions of the Federal Water Pollution Control Act of 1972, as amended by the Clean Water Act of 1977 ("CWA"), 33 U.S.C. §§1311, 1314, 1316, 1317, 1362, and 47 Fed. Reg. 54609 (1982), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

50.     The allegations of this paragraph purport to characterize provisions of regulations implementing the CWA, 40 C.F.R. Part 440 Subpart C, which speak for

themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

51.    The allegations of this paragraph purport to characterize provisions of CWA's Water Quality Act amendment of 1987, 40 C.F.R. §§ 122.21, 122.22, 122.26, 122.28, 122.42, and 55 Fed. Reg. 47990, all of which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

52.    Federal Defendants admit that the Arizona Department of Environmental Quality implements certain federal regulatory authorities through state law and delegation from EPA.   To the extent that the allegations of this paragraph purport to characterize provisions of Arizona law A.R.S §§ 49-202, 49-402, 49-426.03, 49-243.01, those laws speak for themselves and are the best evidence of their contents.   Any allegations contrary to the plain language are denied.

53.    Federal Defendants deny the allegations of the first two sentences of this paragraph and aver that Grand Canyon National Monument was established by Proclamation No. 794, 35 Stat. 2175 (1908)).  Congress established Grand Canyon National Park ("the Park") through the Act of February 26, 1919, ch. 44, 40 Stat. 1175, and enlarged it through various later enactments.   The Park's current boundaries were established by the Grand Canyon National Park Enlargement Act of 1975, Pub. L. No. 93-620, 88 Stat. 2089.  With respect to the allegations of the third sentence, Federal Defendants admit that the Colorado River flows through the Park for approximately 277 miles, deny the remaining allegations of the third sentence and aver that the Park

currently encompasses approximately 1,217,403.32 acres, including nonfederal land within the Park's boundaries.  Federal Defendants admit the allegations of the fourth sentence.

54.     The allegations of this paragraph purport to characterize provisions of the Arizona Wilderness Act of 1984, Pub. L. 98-406, 98 Stat. 1485, Title III, § 301(a)(3), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

55.     Federal Defendants deny the allegations of this paragraph and aver that, in 2000, President Clinton issued proclamations establishing the Grand Canyon-Parashant National Monument and Vermilion Cliffs National Monument, which together total approximately 1,307,000 acres of public lands.    Federal Defendants further aver that the proclamations establishing those monuments withdrew the lands from location, entry, and patent under the mining laws, subject to valid existing rights, and that they identified archeological and historical sites as protected objects.

56.     The allegations of this paragraph purport to characterize provisions of the Arizona Strip Resource Management Plan of 2008 ("2008 RMP"), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

57.     The allegations of this paragraph purport to characterize provisions of the 2008 RMP, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

58.     Federal Defendants deny the allegations of the first sentence and admit that in northern Arizona uranium mineralization sometimes, occurs 1,000 to 1,700 feet below the surface in and around breccia pipes.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second sentence and on that basis deny them. The allegations of the third sentence purport to characterize the 2010 U.S. Geological Survey Scientific Investigations Report 2010-5025 (USGS 2010-5025), which speaks for itself and is the best evidence of its contents.   Any allegations contrary to the plain language are denied.    Federal Defendants deny the allegations of the fourth sentence.  Federal Defendants admit the allegations of the fifth sentence.

59.     The allegations of this paragraph are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth and on that basis deny them.

60.     Federal Defendants admit the allegations of the first sentence.   The allegations of the second, third, fifth and sixth sentences are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth and on that basis deny them.   The allegations of the fourth sentence purport to characterize the FEIS, which is the best evidence of its content.  Any allegations contrary to the plain language are denied.

61.     The allegations of the first and fourth sentences are vague and speculative and Federal Defendants lack knowledge and information sufficient to form a belief as

to their truth and on that basis deny them.  Federal Defendants admit the allegations of the second, third and fifth sentences.

62.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first, second and third sentences and on that basis deny them.   The allegations of the fourth sentence purport to characterize the FEIS which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

63.    Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them. To the extent the allegations of the last sentence purport to characterize USGS Report 2010-5025, that report speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

64.    Federal Defendants deny the allegations of the first sentence and aver that, on or about June 25, 2008, the Chairman of the House Natural Resources Committee sent a communication to then Secretary Kempthorne stating that the Committee was notifying the Secretary that an emergency situation exists on certain lands near Grand Canyon National Park and directing the Secretary to make an emergency withdrawal of the subject lands from location and entry under the mining laws.  Federal Defendants admit the second and third sentences of this paragraph.

65.    Federal Defendants deny the allegations of the first sentence and aver that the Department of the Interior responded to the Resources Committee by asserting that the June 25, 2008 communication was not a valid notification of the Committee.

Federal Defendants admit the second sentence.   Federal Defendants deny the last sentence and aver that the matter was dismissed upon settlement by the parties.

66.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them. To the extent the allegations of this paragraph purport to characterize the document *Transition to Green: The Green Group's Transition Memo*, that document speaks for itself and is the best evidence of its contents.   Any allegations contrary to the plain language are denied.

67.     Federal Defendants deny the allegations of the first sentence and aver that, on July 21, 2009, the Bureau of Land Management published notice of the Secretary's proposal to withdraw certain federal lands from location and entry under the 1872 Mining Law, subject to valid existing rights.   Publication of that notice resulted in the segregation of the lands identified from location and entry under the 1872 Mining Law for two years.   Federal Defendants deny the allegations of the second sentence and aver that Secretary Salazar directed the United States Geological Survey to perform a series of short-term studies designed to develop additional information about the possible effects of uranium mining on the natural resources of the region.

68.     Federal Defendants deny the allegations of the first sentence and aver that the purpose of the EIS process is to evaluate the environmental impacts of a proposed major federal action and its reasonable alternatives.   The allegations of the second sentence are vague and and thus Federal Defendants are unable to form a belief as to their truth and on that basis deny them.

69.     The allegations of this paragraph purport to characterize the Draft Environmental Impact Statement ("DEIS") which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

70.     The allegations of this paragraph purport to characterize the DEIS which document speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

71.     Federal Defendants the allegations of the first sentence and admit that the Secretary of the Interior issued a six-month emergency withdrawal order pursuant to FLPMA, 43 U.S.C. §1714(e), on June 21, 2011.  The allegations of the second sentence purport to characterize PLO NO. 7773 and 76 Fed. Reg. 37826 (2011), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

72.     Federal Defendants deny the allegations of the first sentence.  Federal Defendants admit the allegations of the second sentence.

73.     The allegations of this paragraph purport to characterize statements made by Secretary Salazar on June 20, 2011, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

74.     Federal Defendants deny the allegations of this paragraph.

75.     Federal Defendants admit the allegations in the first sentence.  With respect to the allegations of the second sentence, Federal Defendants aver that PLO 7787 withdrew over one million acres of Federal land from location and entry under the Mining Law for twenty years subject to the valid existing rights.  To the extent

remaining allegations of this sentence purport to characterize provisions the cited Federal Register Notice, which speak for themselves and are the best evidence of their contents, any allegations contrary to the plain language are denied.

76.     Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them. Federal Defendants admit the allegations of this paragraph.

77.     The allegations of this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

78.     The allegations of this paragraph purport to characterize the ROD, the USGS report and the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

79.     The allegations of the first sentence purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the second sentence and admit that a physical exposure and a discovery of a valuable mineral deposit are two characteristics of a valid mining claim.

80.     The allegations of the first sentence purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  Federal Defendants admit the allegations of the second, third, and fourth sentences.  The allegations of the fifth and sixth sentences purport to characterize the USGS Report, which speaks for itself and is the best

evidence of its contents. Any allegations contrary to the plain language are denied. Federal Defendants deny the remaining allegations in this paragraph.

81.     The allegations of this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

82.     The allegations of the first and fourth sentences purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the second sentence.  The allegations of the third sentence purport to characterize the 2008 RMP, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

83.     The allegations of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

84.     The allegations of the first sentence are vague and thus Federal Defendants are unable to form a belief as to their truth and on that basis deny them. The allegations of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

85.     The allegations of the first sentence purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied. The allegations of the second sentence are vague and

thus Federal Defendants are unable to form a belief as to their truth and on that basis deny them.

86.    The allegations of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

87.    The allegations of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  The allegations of the second sentence constitute legal conclusions to which no response is required.

88.    The allegations of the first sentence purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  The allegations of the second sentence purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

89.    Federal Defendants deny the allegations of the first sentence and aver that the National Park Service, on behalf of the United States, accepted conveyance of the Orphan Mine Claim in November 1962, subject to certain reservations and conditions.  With respect to the allegations of the second sentence, Federal Defendants admit that mining operations ceased in 1969, and aver that reclamation commenced in the late 1980s.  Federal Defendants deny the remaining allegations of the second sentence.  Federal Defendants deny the allegations of the third sentence.

90.     The allegations of this paragraph purport to characterize the ROD and the FEIS, which speak for themselves and are the best evidence of their contents.   Any allegations contrary to the plain language are denied.

91.     The allegations of the first sentence purport to characterize the USGS Report, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to the plain language are denied.   Federal Defendants admit the allegations of the second sentence. The allegations of the third sentence are vague and thus Federal Defendants are unable to form a belief as to their truth and on that basis deny them.

92.     Federal Defendants admit the allegations of the first sentence.   The allegations of the second sentence are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth and on that basis deny them.

93.     The allegations of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to the plain language are denied.

94.     The allegations of the first four sentences are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth and on that basis deny them.   Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the fifth sentence and on that basis deny them.

95.     With respect to the allegations of the first sentence, Federal Defendants admit that blind breccia pipes have no cone of depression.   The allegations of the remainder of the first sentence are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth and on that basis deny them.   The allegations

of the second sentence purport to characterize the FEIS and other reports, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

96.    The allegations of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

97.    The allegations of this paragraph purport to characterize the ROD and the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

98.    Federal Defendants admit the allegations of the first and second sentences.   The allegations of the third sentence purport to characterize the ROD and the FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

99.    The allegations of the first and second sentences purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to the plain language are denied.  Federal Defendants deny the allegations of the third sentence.

100.   The allegations of this paragraph purport to characterize the Arizona Geological Survey Report, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

101.   The allegations of this paragraph purport to characterize the USGS 2010-2025 report, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to the plain language are denied.

102.   Federal Defendants deny the allegations of the first and third sentences of this paragraph and aver that, under BLM regulations, reclamation means taking measures to meet applicable performance standards and achieve conditions required by the BLM at the conclusion of operations.   Federal Defendants further aver that, upon information and belief, in the area withdrawn by PLO 7787, at least three uranium mines – Hack Canyon, Hermit, and Pigeon – have been developed since 1984 and and fully reclaimed.   The allegations of the second sentence purport to characterize the USGS 2010-2025 report, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.

103.   The allegations of this paragraph purport to characterize the USGS 2010-2025 report, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to the plain language are denied.

104.   The allegations of this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

105.   The allegations of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

106.   The allegations of the third sentence are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them. The allegations of the second sentence purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

107.   The allegations of the first and second sentences purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  The last sentence constitutes a legal conclusion, to which no response is required.

108.   The allegations of first and second sentences purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied. Federal Defendants deny the allegations of the third and fourth sentences, and admit that the Grand Canyon is located within the boundaries of Grand Canyon National Park, and that Grand Canyon National Park, Parshant and Vermillion Cliffs National Monuments, the Game Preserve in the Kaibab National Forest, and areas designated as part of the National Wilderness System are all withdrawn from mineral entry, subject to valid existing rights.

109.   Federal Defendants deny the allegations of this paragraph.

110.   Federal Defendants deny the allegations of this paragraph.  To the extent the allegations of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents, any allegations contrary to the plain language are denied.

111.   Federal Defendants deny the allegations of this paragraph.  To the extent the allegations of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents, any allegations contrary to the plain language are denied.

112.   Federal Defendants deny the allegations of this paragraph.

113.   The allegations of this paragraph purport to characterize public comments during the NEPA process, which comments speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

114.   The allegations of this paragraph purport to characterize the FEIS and a 1988 Arizona Bureau of Geology and Mineral Technology report by Wenrich and Sutphin (Wenrich and Sutphin Report) which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

115.   The allegations of this paragraph purport to characterize the FEIS and the Wenrich and Sutphin report, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

116.   The allegations of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.

117.   Federal Defendants deny the allegations of the first sentence.  Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the second, third, fourth, fifth, sixth, and seventh sentences.  The allegations of the eighth sentence purport to characterize the FEIS, which speaks for

itself and is the best evidence of its contents.   Any allegations contrary to the plain

language are denied.

118.   Federal Defendants deny the allegations of the first sentence.   The

allegations of the second sentence purport to characterize the August 2010 BLM

Mineral Examiner's Report, which speaks for itself and is the best evidence of its

contents.  Any allegations contrary to the plain language are denied.

119.   The allegations of the first part of this paragraph (through "in the Grand

Canyon") purport to characterize the DEIS, which speaks for itself and is the best

evidence of its contents.   Any allegations contrary to the plain language are denied.

The remaining allegations of this paragraph are vague and speculative and thus Federal

Defendants are unable to form a belief as to their truth, and on that basis deny them.

120.   The allegations of this paragraph purport to characterize public

comments during the NEPA process, which comments speak for themselves and are the

best evidence of their contents.   Any allegations contrary to the plain language are

denied.

121.   Federal Defendants lack knowledge and information sufficient to form a

belief as to the truth of the allegations of the first, third, and fourth sentences and on

that basis deny them.   The allegations of the second sentence are vague and thus

Federal Defendants are unable to form a belief as to their truth, and on that basis deny

them.  The allegations of the fifth sentence purport to characterize USGS Report 2010-

5025 and public comments during the NEPA process which speak for themselves and

are the best evidence of their contents.  Any allegations contrary to the plain language

are denied. Federal Defendants deny the allegations of the sixth and seventh paragraphs. The allegations of the eighth sentence are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

122. The allegations of the first and second sentences purport to characterize the FEIS and public comments during the NEPA process, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied. The allegations of the third sentence are vague and speculative and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

123. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them. To the extent the allegations of this paragraph purport to characterize the Arizona Department of Revenue, Fiscal Year 2011 Annual Report, which speaks for itself and is the best evidence of its contents, any allegations contrary to the plain language are denied.

124. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

125. With respect to the allegations of the first sentence, Federal Defendants deny that state lands are included in the withdrawal. Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of the first sentence and on that basis deny them. Federal Defendants lack

knowledge and information sufficient to form a belief as to the truth of the allegations of second and third sentences and on that basis deny them.

126.   The allegations of this paragraph are vague and Federal Defendants lack knowledge and information sufficient to form a belief as to their truth and on that basis deny them.

127.   Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence and on that basis deny them. The allegations of the second sentence purport to characterize a September 2009 study entitled "Economic Impact of Uranium Mining on Coconino and Mohave Counties, Arizona," which speaks for itself and is the best evidence of its contents.   Any allegations contrary to the plain language are denied.   The allegations of the third sentence are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

128.   Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis deny them.

129.   The allegations of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to the plain language are denied.

130.   Federal Defendants admit the allegations of this paragraph.

131.   The allegations of this paragraph are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

132.   Federal Defendants incorporate by reference paragraphs 1 through 131 and deny the allegations of the bolded, unnumbered paragraph immediately preceding this paragraph.

133.   The allegations of this paragraph purport to characterize provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. §706(2)(A), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

134.   The allegations of this paragraph constitute legal conclusions to which no response is required.

135.   The allegations of this paragraph purport to characterize provisions of FLPMA, 43 U.S.C. §1714(c)(2), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

136.   Federal Defendants deny the allegations of this paragraph.

137.   The allegations of this paragraph purport to characterize provisions of FLPMA, 43 U.S.C. §1732(b), the ROD, and the 2008 RMP, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

138.   The allegations of this paragraph purport to characterize the ROD and FEIS, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

139.   Federal Defendants deny the allegations of the first sentence.   Federal Defendants deny that the withdrawal violates FLPMA. The allegations of the second sentence constitute legal conclusions to which no response is required.

140.   Federal Defendants deny the allegations of this paragraph.

141.   Federal Defendants incorporate by reference paragraphs 1 through 140 and deny the allegations of the bolded, unnumbered paragraph immediately preceding this paragraph.

142.   The allegations of this paragraph constitute legal conclusions to which no response is required.

143.   The allegations of this paragraph characterize provisions of the ARPA, 16 U.S.C. §§470aa-470mm; the NHPA, 16 U.S.C. §§470-470s; the NAGPRA, 25 U.S.C. §3001 *et seq.*; the FLUIPA, 42 U.S.C. §2000cc, which speak for themselves and are the best evidence of their contents.   Any allegations contrary to the plain language are denied.

144.   The allegations of this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to the plain language are denied.

145.   The allegations of this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.   Any allegations contrary to the plain language are denied.

146.   The allegations of this paragraph are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

147.   The allegations of this paragraph constitute legal conclusions to which no response is required.   To the extent the allegations of this paragraph purport to characterize provisions of federal law, including of the NHPA and RLUIPA, they speak for themselves and are the best evidence of their contents.   Any allegations contrary to the plain language are denied.

148.   The allegations of this paragraph constitute legal conclusions to which no response is required.

149.   Federal Defendants deny the allegations of this paragraph.

150.   Federal Defendants incorporate by reference paragraphs 1 through 149 and deny the allegations of the bolded, unnumbered paragraph immediately preceding this paragraph.

151.   The allegations of this paragraph characterize provisions of NEPA, 42 U.S.C. §4331, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

152.   The allegations of this paragraph characterize provisions of the APA, 5 U.S.C. §706(2)(D), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

153.   The allegations of this paragraph characterize provisions of NEPA, which speak for themselves and are the best evidence of their contents.   Any allegations contrary to the plain language are denied.

154.   The allegations of this paragraph purport to characterize published court opinions which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

155.   The allegations of this paragraph characterize provisions of NEPA's implementing regulations, 40 C.F.R. §1502.9(b), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

156.   The allegations of this paragraph characterize provisions of NEPA's implementing regulations, 40 C.F.R. §§1502.16(c); 1506.2(d), which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

157.   The allegations of the first sentence constitute legal conclusions to which no response is required.  Federal Defendants deny the remaining allegations of this paragraph.

158.   Federal Defendants deny the allegations of this paragraph.

159.   Federal Defendants incorporate by reference paragraphs 1 through 158 and deny the allegations of the bolded, unnumbered paragraph immediately preceding this paragraph.

160.   The allegations of this paragraph characterize provisions of NEPA, 43 U.S.C. §4332, and its implementing regulations, 40 C.F.R. §1503.4, 1502.9(b), 1508.27, 4331, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

161.   The allegations of this paragraph constitute legal conclusions to which no response is required.

162.   The allegations of the first sentence purport to characterize cooperating agency and public comments submitted during the NEPA process, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.  The second and third sentences purport to characterize the ROD and FEIS, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language are denied.

163.   Federal Defendants deny the allegations of the first sentence and aver that BLM considered a water quality study done by the State of Arizona, Arizona Geological Survey.  That study speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language are denied.   The allegations of the second sentence are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

164.   The allegations of this paragraph constitute legal conclusions to which no response is required.

165.   Federal Defendants incorporate by reference paragraphs 1 through 164 and deny the allegations of the bolded, unnumbered paragraph immediately preceding this paragraph.

166.   The allegations of this paragraph purport to characterize provisions of the United States Constitution and FLPMA, which speak for themselves and are the best evidence of their contents.  Any allegations contrary to the plain language are denied.

167.   The allegations of this paragraph characterize provisions of FLPMA, 43 U.S.C. §§1712(c)(9), 1714(c)(2)(2), (7), (8), which speak for themselves and are the best evidence of their contents.   Any allegations contrary to the plain language are denied.

168.   The allegations of this paragraph characterize provisions of FLPMA, 43 U.S.C. §§1712(a), 1712(c)(9), which speak for themselves and are the best evidence of their contents.   Any allegations contrary to the plain language are denied.

169.   The allegations of the first sentence constitute legal conclusions to which no response is required.   Federal Defendants deny the allegations of the second and third sentences and admit that the Department of the Interior did not notify the referenced local governments of, or give them involvement in, the development or issuance of the July 21, 2009 Notice of Proposed Withdrawal prior to July 21, 2009.

170.   Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence and on that basis deny them. Federal Defendants deny the allegations of the second sentence.   The allegations of the third sentence constitute legal conclusions to which no response is required.

171.   Federal Defendants deny the allegations of this paragraph.

172.   Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence and on that basis deny them. The allegations of the second sentence characterize writings sent by Coalition members, which speak for themselves and are the best evidence of their contents.   Any allegations contrary to the plain language are denied.

173.   The allegations of the first sentence constitute legal conclusions to which no response is required.   Federal Defendants deny the allegations of the second sentence.

174.   With respect to the allegations of the first sentence, Federal Defendants admit that BLM Arizona Strip District Manager Scott Florence attended a meeting called by the local government members of the Coalition.   Federal Defendants deny the remaining allegations of the first sentence.   Federal Defendants admit the allegations of subparagraphs (a) of the second sentence and deny the allegations of subparagraphs (b), (c), and (d) of the second sentence and aver that Mr. Florence advised members of the Coalition that the BLM Director petitioned the Secretary to propose the withdrawal, the Secretary proposed the withdrawal, and that he was not involved in those discussions.

175.   Federal Defendants admit the allegations of the first sentence. Federal Defendants deny the remaining allegations of the paragraph.

176.   Federal Defendants deny the allegations of the first and fourth sentences. The allegations of the second and third sentences constitute legal conclusions to which no response is required.

177.   Federal Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of the first sentence and on that basis deny them. Federal Defendants deny the allegations of the second and third sentences but aver that the BLM Arizona Strip District Manager Scott Florence attended some meetings held by the Coalition.   Federal Defendants deny the allegations of the fourth sentence.

178.   The allegations of this paragraph are vague and thus Federal Defendants are unable to form a belief as to their truth, and on that basis deny them.

179.   Federal Defendants deny the allegations of this paragraph.

180.   The allegations of the first sentence purport to characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Any allegations contrary to the plain language are denied.  The allegations of the remaining sentences constitute legal conclusions to which no response is required.

181.   Federal Defendants deny the allegations of this paragraph.

## PRAYER FOR RELIEF

Federal Defendants deny that Plaintiffs are entitled to declaratory relief, vacatur, injunctive relief, or attorneys' fees and costs, that Plaintiffs have requested in their Complaint.  Federal Defendants further deny that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

Federal Defendants deny any allegations in the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## DEFENSES

1.   This Court lacks subject matter jurisdiction over Plaintiffs' claims.

2.   The Complaint fails in whole or in part to state a claim upon which relief may be granted.

3.   Quaterra Alaska, Inc and Quaterra Resources, Inc.'s claims under the under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq*, have been dismissed by Order of the Court dated January 8, 2013 (Doc. 87).

3.      Federal Defendants reserve the right to assert such affirmative defenses that may appear applicable during the course of this litigation.

Wherefore, Federal Defendants pray that this Court enter judgment in favor of the Federal Defendants and against Plaintiffs, dismiss the complaint against the Federal Defendants, deny all of Plaintiffs' claims for relief, fees and costs, and grant such other relief as the Court may deem just and proper.

Dated:  February 22, 2013

Respectfully Submitted,

IGNACIA S. MORENO,
Assistant Attorney General
Environment and Natural Resources Division

 /s/ John S. Most
JOHN S. MOST, Trial Attorney
Virginia Bar, No. 27176
DOMINIKA TARCZYNSKA, Trial Attorney
New York Bar, No. 4431573
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0447(Tarczynska)
202-616-3353 (Most)
202-305-0506 (fax)
DOMINIKA.TARCZYNSKA@USDOJ.GOV
JOHN.MOST@USDOJ.GOV

*Counsel for Federal Defendants*