IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

DOMINIKA TARCZYNSKA, NY Bar No. 4431573
JOHN S. MOST, VA Bar No. 27176
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044-7611
 (202) 305-0447 (Tarczynska)
 (202) 616-3353 (Most)
 (202) 305-0506 (fax)
DOMINIKA.TARCZYNSKA@USDOJ.GOV
JOHN.MOST@USDOJ.GOV
*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PRESCOTT DIVISION**

| | |
|---|---|
| GREGORY YOUNT, <br><br> Plaintiff, *pro se*, <br><br> v. <br><br> KEN SALAZAR, SECRETARY OF THE INTERIOR, *et al.*, <br><br> Federal Defendants, <br> and <br><br> GRAND CANYON TRUST, *et al.*, <br><br> Intervenor-Defendants. | Case No. 3:11-cv-08171-PCT-DGC (Lead Case) <br><br> **FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF YOUNT'S MOTION TO REQUIRE SUPPLEMENTATION OF THE ADMINISTRATIVE RECORD** |

| | |
|---|---|
| NATIONAL MINING ASSOCIATION, *et al.*,<br>                    Plaintiffs,<br>    v.<br><br>KEN SALAZAR, SECRETARY<br>OF THE INTERIOR, *et al.*,<br><br>                    Federal Defendants,<br>        and<br><br>GRAND CANYON TRUST, *et al.*,<br><br>                    Intervenor-Defendants | Case No. 3:12-cv-08038-PCT-DGC |
| NORTHWEST MINING ASSOCIATION, *et al.*,<br>                    Plaintiffs,<br>    v.<br><br>KEN SALAZAR, SECRETARY<br>OF THE INTERIOR, *et al.*,<br><br>                    Federal Defendants,<br>        and<br><br>GRAND CANYON TRUST, *et al.*,<br><br>                    Intervenor-Defendants. | Case No. 3:12-cv-08042-PCT-DGC |
| QUATERRA Alaska Incorporated, *et al.*,<br>                    Plaintiffs,<br>    v.<br><br>KEN SALAZAR, SECRETARY<br>OF THE INTERIOR, *et al.*,<br><br>                    Federal Defendants,<br>        and<br><br>GRAND CANYON TRUST, *et al.*,<br><br>                    Intervenor-Defendants. | Case No. 3:12-cv-08075-PCT-DGC |

Federal Defendants submit this memorandum in opposition to *pro se* Plaintiff Yount's motion asking the Court to order supplementation of the administrative record with specified and unspecified post-decisional documents. Dkt. No. 134 at 3 ("motion" or "Mot."). For the reasons which follow, the motion should be denied.

**Background**

On January 9, 2012, pursuant to subsection 204(c) of the Federal Land Policy and Management Act of 1976 ("FLPMA"), 43 U.S.C. § 1714(c), and based in part on Bureau of Land Management's October 2011 final environmental impact statement ("FEIS"), the Secretary of the Interior issued a record of decision ("ROD") and public land order withdrawing from mineral location and entry for twenty years approximately one million acres of public and National Forest System lands in the Grand Canyon watershed, subject to valid existing rights. 77 Fed. Reg. 2563-01 (Jan. 18, 2012). The public land order became effective on January 21, 2012, *see* AR 000025,[1] changing the legal status of the subject lands by withholding them from mineral location and entry for a period of twenty years. *See* 43 U.S.C. § 1702(j) (defining withdrawal); AR 000002 (ROD).

Four months later, on May 18, 2012, Mr. Yount sent an email to an employee of the Bureau of Land Management ("BLM") purporting to identify new information on the withdrawal area's uranium endowment, and contending the FEIS understated that endowment. Mot., Ex. 1 at 4-5. The employee replied by email on May 21, 2012,

---

[1] Throughout this memorandum, citations to the administrative record appear in the above format.

indicating that, due to pendency of this action, he could offer no substantive response, and advising that he would nonetheless forward the email "to the appropriate subject matter experts and other appropriate agency personnel" to make them aware of the comments. *Id*. at 3.

On February 13, 2013, following service of the administrative record in this action, Mr. Yount inquired of undersigned counsel as to why the May 18 email was not included in the administrative record. Counsel replied two days later by email, noting that the May 18 email post-dated the decision and thus was not considered in the decision-making process. *Id*. at 2-3. Consequently, counsel advised, the email need not be included in the administrative record. *Id*. Counsel also advised that the email did not constitute "new circumstances or information," within the meaning of the NEPA regulation at 40 C.F.R. § 1502.9(c)(1)(ii), and thus did not require BLM to re-open its NEPA analysis or reexamine its fully-executed decision. *Id*. at 3.

On March 3, 2013, Mr. Yount contacted BLM by email once again to "follow[] up with additional new information." Mot. at 1. The email questioned BLM's method for determining the withdrawal area's minable endowment. Mot., Ex. 2 at 2. As before, the agency declined to respond, given the pending lawsuit. *Id*. at 1.

As explained below, BLM properly declined to include these post-decisional documents in the certified administrative record. Plaintiffs' motion should be denied.

**ARGUMENT**

Under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA"), a court assessing agency action must "review the whole record or those parts of it cited by a

2

party." *Id.* § 706.  It is the task of the reviewing court "to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court."  *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985).  The record consists of "all documents and materials directly or indirectly considered by agency decision-makers," without regard to whether those materials support or undermine the agency's decision.  *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (quotation and emphasis omitted); *WildEarth Guardians v. Salazar*, No. 09-cv-574-PHX-FJM, 2009 WL 4270039 *3 (D. Ariz. Nov. 25, 2009); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court").

When an agency lodges a certified administrative record with a court, that record is entitled to a presumption of regularity.  The Ninth Circuit has recognized a "presumption of regularity in the performance of their duties by government officials." *Red Top Mercury Mines, Inc. v. United States*, 887 F.2d 198, 202-03 (9th Cir. 1989) (citing *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 414 (1971), *Daly v. Volpe*, 514 F.2d 1106, 1111 (9th Cir. 1975)).  Based on this principle, courts assume that agencies have properly designated the record absent clear evidence to the contrary.  *See, e.g., Cook Inletkeeper v. EPA*, 400 F. App'x 239, 240 (9th Cir. 2010) (unpublished) (citing *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir.1993)); *Estate of Landers v. Leavitt*, 545 F.3d 98, 113 (2nd Cir. 2008); *Pac. Shores Subdivision v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5-6 (D.D.C. 2006).  Thus, a party

disputing that the record is complete can rebut the agency's presumption of regularity only by showing that the agency considered materials in the course of the challenged decision-making process and failed to include them in the record. *See Center for Native Ecosystems v. Salazar*, 711 F. Supp.2d 1267, 1275 (D. Colo. 2010).

### A. The Administrative Record is Complete and Should Not Be Supplemented.

Plaintiff fails to rebut the BLM's presumption of regularity. As an initial matter, the record clearly establishes that the challenged decision was made on January 9, 2012, and became effective January 21, 2012. AR 000002, AR 000025. The emails that Plaintiff identifies for inclusion in the record were created many months later. Thus, agency decisionmakers could not have considered the emails, either "directly or indirectly," during the administrative process. *Thompson,* 885 F.2d at 555.

Plaintiff does not dispute these facts. Nor does he argue that BLM or the Department considered materials that it failed to include in the record. Instead, Plaintiff advances a single argument: that under the legal regime in place since January 21, 2012, holders of unpatented mining claims on the subject land might seek to develop their claims, which would then require the relevant surface-managing agencies, either BLM or the United States Forest Service, to conduct mineral examinations. Because this might require action by the agencies, Plaintiff reasons, therefore further major federal action remains to occur. And because of this, the agencies are obligated, under the NEPA regulation at 40 C.F.R. § 1502.9(c)(1)(ii), to supplement the NEPA analysis at issue in this case.

4

This contention lacks merit for various reasons. Plaintiff's Second Amended Complaint was filed on March 15, 2012, and challenges the October 2011 FEIS, and the January 9, 2012 ROD and public land order. Dkt. No. 27 ¶ 4. It seeks to have the FEIS withdrawn and the ROD set aside. Dkt. No. 27, Relief Requested, ¶¶ A, B, G. Notably, it does not assert that the ROD should be set aside for the reasons stated in the two post-decisional emails, which decision makers could not possibly have considered. For this reason alone, the Court should deny the motion.

The Court may also deny the motion for the additional reason that the supplementation requirement in the NEPA regulations is not triggered. Federal Defendants acknowledge that, in certain circumstances, an agency must supplement its NEPA analysis when there are "significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts." 40 C.F.R. § 1509(c)(1)(ii). However, it is well-established that an agency need only do so where "there remains major Federal action to occur." *Center for Biological Diversity v. Salazar*, 706 F.3d 1085, 1094 (9th Cir. 2013) (quoting *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 73 (2004) ("*SUWA*").

Plaintiff's NEPA supplementation theory ignores the withdrawal's January 21, 2012 effective date. By this point in time, Interior's decision-making process had been consummated and its decision had taken full legal effect.[2] It cannot be disputed that by

---

[2] Federal Defendants note that the ROD explicitly states that the decision constitutes final agency action. See AR 000023. The holding in *Bennett v. Spear*, 520 U.S. 154 (1997), affirms this assertion. There the Supreme Court identified "two conditions" that must be satisfied for agency action to be "final:"

5

January 21, 2012, the agency had completed what it set out to do in 2009: *viz.*, to consider whether to withdraw certain lands from mineral location and entry. *See* AR 000053 (July 21, 2009 Notice of Proposed Withdrawal) (notifying public that the Secretary of the Interior was considering a proposal to withdraw from mineral entry and location approximately one million acres of public and National Forest System lands). Plaintiff's claim that major Federal action remains to occur on the proposed withdrawal is thus unfounded. A similar argument was recently rejected by this court. *See Center for Biological Diversity v. Salazar*, 791 F. Supp. 2d 687, 698 (D. Ariz. 2011), *aff'd,* 706 F.3d at 1095 (9th Cir. 2013) (holding that the federal action relating to the Arizona One Mine was complete upon approval of the Mining Plan of Operations); *see also SUWA*, 542 U.S. at 73 (holding that federal action was complete upon approval of a land use plan). The possibility that the agencies might perform mineral examinations in conjunction with yet-to-be-filed surface-use authorizations does not mean that the decision-making process for the proposed withdrawal is not complete. *See Center for Biological Diversity*, 706 F.2d at 1095 (additional independent actions taken by the BLM after its approval of the mining plan of operations did not trigger NEPA supplementation of the BLM's approval of that plan).

  Moreover, even if BLM were to conduct a mineral examination at some point in the future, such an action would not trigger Section 1502.9(c)(1)(ii) as a matter of law,

> First, the action must mark the consummation of the agency's decision-making process – it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.

*Bennett*, 520 U.S. at 177-78 (citations and internal quotation marks omitted). Both conditions are met here.

because mineral examinations are ministerial and non-discretionary and thus not subject to NEPA.  *See, e.g., Sierra Club v. Babbitt*, 65 F.3d 1502, 1512 (9th Cir. 1995) (collecting cases demonstrating that nondiscretionary agency action is excused from the operation of NEPA); *Sac & Fox Nation v. Norton*, 240 F.3d 1250, 1262-1263 (10th Cir. 2001) ("NEPA compliance is unnecessary where the agency action at issue involves little or no discretion on the part of the agency").

Finally, even assuming a mineral examination could be characterized as remaining major federal action, Plaintiff's argument nonetheless fails.  None of the counts currently before the Court allege that BLM conducted mineral examination without first conducting the requisite supplemental analysis under Section 1502.9(c)(1)(ii).  BLM is required to compile an administrative record only for *the challenged* agency action – in this case, the January 9, 2012 withdrawal decision.  That a plaintiff may decide to challenge a mineral examination in the future has no bearing on the scope of the administrative record for the claims currently before this Court.[3]

**B.   Plaintiff Has Not Demonstrated That Extra-Record Evidence is Necessary for Effective Judicial Review.**

While judicial review in APA cases is typically limited to the administrative record, the Ninth Circuit has held that district courts, in limited circumstances, may consider extra-record evidence under four narrow exceptions.  *Lands Council v. Powell*,

---

[3] Plaintiff dismisses as irrelevant the Court's holding that he lacks prudential standing to advance his NEPA claims.  Mot. at 2; January 8, 2013 Order at 44 (Dkt. No. 87).  He argues in support that other plaintiffs in these consolidated actions "could make use of this information in their NEPA complaints."  Mot. at 2.  However, none of the plaintiffs whose NEPA claims survived the motion to dismiss stage in these proceedings asserts, as a basis for relief, that Federal defendants breached a duty to supplement the FEIS.  Thus the email messages proffered by Plaintiff would add nothing to the Court's review of the actual counts now before it.

395 F.3d 1019 (9th Cir. 2005).  Specifically, a court may review extra-record evidence: "'(1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith.'"  *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 975 (9th Cir. 2006) (quoting *Lands Council,* 395 F.3d at 1030, and *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)).[4]

In this case, however, the Plaintiff does not argue that the agency overlooked the issue of uranium endowment.  He also does not argue that the proffered emails are necessary to explain technical terms or complex subject matter, or that BLM conducted itself in bad faith.  Plaintiff, therefore, has not carried his burden of demonstrating that any of the narrow exceptions to the "record review" doctrine apply here.  Thus, even if Plaintiffs' Motion to Supplement the Administrative Record were interpreted as seeking extra-record review, it would necessarily fail.

---

[4] It should be noted that the second "exception" is in fact an assertion that the record submitted by the agency was not "complete" to begin with. *See Public Power Counsel v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982) ("This [exception] has been acknowledged as a qualification to or explication of the rule that judicial review is based upon the full administrative record in existence at the time of the agency decision.").  Properly read, therefore, the four circumstances recognized by the Ninth Circuit in fact consist of three "exceptions" to the rule that agency actions should be reviewed on the administrative record, and one qualification as to the nature of documents that should be included in an administrative record in the first place.

# CONCLUSION

For the foregoing reasons, Federal Defendants respectfully request that the Court deny Plaintiff's motion for supplementation.

Dated: April 10, 2013

                                         Respectfully Submitted,

                                         IGNACIA S. MORENO,
                                         Assistant Attorney General
                                         Environment and Natural Resources Division

                                         /s/ John S. Most
                                         JOHN S. MOST, Trial Attorney
                                         Virginia Bar, No. 27176
                                         DOMINIKA TARCZYNSKA, Trial Attorney
                                         New York Bar, No. 4431573
                                         Natural Resources Section
                                         P.O. Box 7611
                                         Washington, D.C. 20044-7611
                                         (202) 305-0447(Tarczynska)
                                         202-616-3353 (Most)
                                         202-305-0506 (fax)
                                         DOMINIKA.TARCZYNSKA@USDOJ.GOV
                                         JOHN.MOST@USDOJ.GOV

                                         *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I am causing the foregoing to be served upon counsel of record through the Court's electronic service system (ECF/CM).

Dated:  April 10, 2013

                                       */s/ John S. Most*
                                       *Counsel for Federal Defendants*