Steven J. Lechner (*Pro Hac Vice*, CO No. 19853)
Jeffrey Wilson McCoy (*Pro Hac Vice*, CO No. 43562)
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
lechner@mountainstateslegal.com
jmccoy@mountainstateslegal.com

Attorneys for Plaintiff Northwest Mining Association

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GREGORY YOUNT, <br><br>        Plaintiff, <br><br>   v. <br><br> SALLY JEWELL,* *et al.*, <br><br>        Defendants. | No. CV11-8171-PCT-DGC <br> (Lead Case) <br><br> **NORTHWEST MINING ASSOCIATION'S MOTION FOR FINAL JUDGMENT ON ITS SEVENTH CLAIM FOR RELIEF AND MEMORANDUM OF LAW.** |
| NATIONAL MINING ASSOCIATION and NUCLEAR ENERGY INSTITUE, <br><br>        Plaintiffs, <br><br>   v. <br><br> SALLY JEWELL, *et al.*, <br><br>        Defendants. | No. CV12-8038-PCT-DGC |
| NORTHWEST MINING ASSOCIATION, <br><br>        Plaintiff, <br><br>   v. <br><br> SALLY JEWELL, *et al.*, <br><br>        Defendants. | No. CV12-8042-PCT-DGC |

| | |
|---|---|
| QUATERRA ALASKA, INC. *et al.,* | |
| Plaintiffs, | No. CV12-8075-PCT-DGC |
| v. | |
| SALLY JEWELL, *et al.,* | |
| Defendants. | |

---

[*] Secretary of the Interior Sally Jewell is automatically substituted as Defendant for former Secretary of the Interior Kenneth L. Salazar pursuant to Fed. R. Civ. P. 25(d).

1

## **MOTION FOR FINAL JUDGMENT ON ITS SEVENTH CLAIM FOR RELIEF**

2

3        COMES NOW, Plaintiff Northwest Mining Association ("NWMA"), and, pursuant

4   to Federal Rule of Civil Procedure 54(b), hereby moves for this Court to enter final

5   judgment on NWMA's Seventh Claim for Relief.  As demonstrated in the accompanying

6   Memorandum of Law, because NWMA's Seventh Claim for Relief is separable, both

7   factually and legally, from its other claims and the remaining claims in the consolidated

8
9   cases, there is no just reason for delay in entering final judgment on NWMA's Seventh

10  Claim for Relief.

11                        **MEMORANDUM OF LAW**

12        On January 9, 2012, Defendant Salazar signed a Record of Decision ("ROD") and

13  issued Public Land Order ("PLO") 7787, which withdrew over 1 million acres in northern

14
15  Arizona from location and entry under the Mining Law for twenty years.  77 Fed. Reg.

16  2,563–66 (Jan. 18, 2012).  On March 6, 2012, NWMA filed this action seeking judicial

17  review of, *inter alia*, Defendant Salazar's withdrawal.  NWMA Complaint; Doc. *1.[1]

18
19  NWMA's Complaint contains seven claims for relief.  Six of the claims allege violations

20  of, *inter alia*:  (a) the Federal Land Policy and Management Act ("FLPMA"), 43 U.S.C. §

21  1701 *et seq*.; (b) the National Forest Management Act ("NFMA"), 16 U.S.C. § 1600 *et*

22  *seq*.; and (c) the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq*.

23
24  *See* NWMA Complaint ¶¶ 56–126.  The Seventh Claim for Relief alleges that Defendant

25

26  [1] In keeping with this Court's method, an asterisk before a document number indicates
    that the cited document was filed prior to consolidation and was docketed using the
27  original case number.

28

Salazar exceeded his authority in withdrawing over 5,000 acres because Section 204(c)(1) of FLPMA contains an unconstitutional and non-severable legislative veto, which renders Section 204(c)(1) null and void.  *Id.* ¶¶ 127–145.

On January 18, 2013, NWMA filed a motion for partial summary judgment on NWMA's Seventh Claim for Relief, joining Plaintiffs National Mining Association and Nuclear Energy Institute's ("NMA and NEI") motion for partial summary judgment on the same issue.  Doc. 90.  On February 8, 2013, Defendant and Intervenors responded to the motion and filed their own motions for partial summary judgment on the issue.  Docs. 101 and 102.  On March 20, 2013, this Court issued an Order denying Plaintiffs' motions for summary judgment and granting Defendants and Intervenors' motions for partial summary judgment.  Doc. 130.  On April 4, 2013, NMA and NEI filed a motion for reconsideration of this Court's Order, which NWMA joined.  Docs. 135 and 136.  On May 16, 2013, this Court denied the motion for reconsideration.  Doc. 144.  NWMA now respectfully requests that this Court issue final judgment on NWMA's Seventh Claim for Relief, pursuant to Federal Rule of Civil Procedure 54(b).

## **ARGUMENT**

### I.  **STANDARD OF REVIEW.**

Federal Rule of Civil Procedure 54(b) provides "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay."  When a district court issues final judgment on one claim pursuant to Rule 54(b), it creates a judgment that is immediately appealable.  *SEC v. Capital*

1    *Consultants LLC*, 453 F.3d 1166, 1173–75 (9th Cir. 2006).

2          A district court may certify an order as final only if it determines that the order is a

3    "final judgment" and that there is no just reason to delay an appeal of the issue.  *Curtiss-*

4    *Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980).  Although the order must be a

5    final judgment on a claim, "[t]he Rule 54(b) claims do not have to be separate from and

6    independent of the remaining claims."  *Sheehan v. Atlanta Intern. Ins. Co.*, 812 F.2d 465,

7    468 (9th Cir. 1987).

8          While a district court must scrutinize Rule 54(b) certification to "'prevent

9    piecemeal appeals in cases which should be reviewed only as single units,'" *McIntyre v.*

10   *United States*, 789 F.2d 1408, 1410 (9th Cir.1986) (quoting *Curtiss-Wright Corp.*, 446

11   U.S. at 10), certification is proper if it will aid "expeditious decision" of the case.

12   *Sheehan*, 812 F.2d at 468.  Overall, "[i]t is left to the sound judicial discretion of the

13   district court to determine the 'appropriate time' when each final decision in a multiple

14   claims action is ready for appeal," including the consideration of the "equities" of the

15   case, so long as this discretion is "exercised 'in the interest of sound judicial

16   administration.'"  *Curtiss-Wright Corp*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v.*

17   *Mackey*, 351 U.S. 427, 435, 437 (1956)).

18   **II.    THIS COURT'S ORDER ON NWMA'S MOTION FOR PARTIAL
             SUMMARY JUDGMENT IS EFFECTIVELY A FINAL JUDGMENT.**

19          This Court's March 20, 2013 Order is a final judgment on NWMA's Seventh

20   Claim for Relief because it is "a 'judgment' in the sense that it is a decision upon a

21   cognizable claim for relief," and it is "'final' in the sense that it is 'an ultimate disposition

22   of an individual claim entered in the course of a multiple claims action.'"  *Curtiss-Wright*

*Corp.*, 446 U.S. at 7 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).  Because Rule 54(b) allows an order on a claim to be immediately appealed, Rule 54(b) "'does not relax the finality required of each decision, as an individual claim, to render it appealable.'"  *Arizona State Carpenters Pension Trust Fund v. Miller*, 938 F.2d 1038, 1039-40 (9th Cir. 1991) (quoting *Sears, Roebuck & Co.,* 351 U.S. at 435).  Rule 54(b) "simply allows a judgment to be entered if it has the requisite degree of finality as to an individual claim in a multiclaim action."  *Id.* at 1040.

Drawing a parallel to final judgments under 28 U.S.C. § 1291, the Ninth Circuit has held that an order is final under Rule 54(b) if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  *Arizona State Carpenters Pension Trust Fund*, 938 F.3d at 1039 (internal quotations and citations omitted).  In this case, the issue regarding the constitutionality of the Secretary's authority to make large-tract withdrawals was resolved by this Court's March 20, 2013 Order (and subsequent ruling on the motion to reconsider), and nothing remains for this Court to do but execute judgment on the claim.

This is especially true considering the fact that NWMA's Seventh Claim for Relief is entirely separate from its other claims.  The constitutional issues regarding the FLPMA land withdrawal authorities at stake here are important and controlling as to this entire litigation.  They are not routine issues, and the constitutional issues under FLPMA  have not been addressed by any federal appellate court.  NWMA's other claims allege Defendants violated FLPMA, NFMA, and NEPA.[2]  A ruling on NWMA's other claims

---

[2] NWMA recognizes that this Court dismissed its NEPA claims for lack of prudential standing.  Doc. 87 at 36–41.  NEPA claims by other parties, however, still remain.  *Id.* at

for relief will not affect the outcome of NWMA's Seventh Claim for Relief.  Although all of NWMA's claims arise from the same event, namely the Secretary's withdrawal, NWMA's Seventh Claim for Relief remains distinct from its other claims because of the facts and various legal theories presented by those claims.  *See Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 594 F.2d 1313, 1316 (9th Cir. 1979) (rejecting appellant's argument that there were not multiple claims for relief because some facts were common to all of plaintiff's "theories of recovery").

## III.  THERE IS NO JUST REASON FOR DELAYING FINAL JUDGMENT ON NWMA'S SEVENTH CLAIM FOR RELIEF.

There is no just reason for delaying entry of final judgment on NWMA's Seventh Claim for Relief because entry of final judgment would have minimal effect on the proper judicial administration of this case.  Furthermore, any judicial administrative interests are outweighed by NWMA's interest in the efficient resolution of the issue of the Secretary's authority to make large-tract withdrawals.

"[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in setting such as this, a district court must take into account judicial administrative interests as well as the equities involved."  *Curtiss-Wright Corp.*, 446 U.S. at 8.  In analyzing these issues, it is proper for a district court to consider factors such as "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no

---

26–35, 44–46.  In addition, Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).  Accordingly, NWMA is not seeking entry of final judgment as to its NEPA claims.

1
2
appellate court [will] have to decide the same issues more than once even if there [are] subsequent appeals." *Id.*

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
In this case, NWMA's Seventh Claim for Relief is completely separate and distinct from its other Claims for Relief, and the Ninth Circuit will not have to decide the same issues twice. As demonstrated above, NWMA's Seventh Claim for Relief relies on an entirely different legal theory than its other claims. Moreover, NWMA's Seventh Claim for Relief involves strictly a legal issue the resolution of which does not require Defendants' administrative record. In contrast, resolution of NWMA's remaining claims will require this Court to thoroughly review Defendants' administrative record. *See* Doc. 145 (this Court noting that judicial review of agency action is generally based upon the administrative record).[3] Under these circumstances, entry of final judgment pursuant to Rule 54(b) is entirely proper. *Compare Gregorian v. Izvestia*, 871 F.2d 1515, 1519–20 (9th Cir. 1989) (upholding 54(b) certification of an "adjudicated" libel claim because the factual and legal issues were substantially different from the remaining intentional infliction of emotional distress claims), *with Frank Briscoe Co. v. Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985) (stating that a "'similarity of legal or factual issues [between resolved claims and remaining claims] will weigh heavily against entry of judgment under the rule,'") (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)); *see also Martinelli v. Petland, Inc.,* CV-09-529-PHX-DGC, 2010 WL 1416512 (D. Ariz. Apr. 7, 2010) (this Court rejecting 54(b) certification because, unlike in

26
27
28
---
[3] All of NWMA's claims for relief essentially seek to hold unlawful and set aside the withdrawal. If NWMA ultimately prevails on its Seventh Claim for Relief, a remand to the Secretary is not possible because the Secretary would lack the statutory authority to make the withdrawal. If NWMA prevails on its other claims, a remand is a possibility.

this case, "[t]he facts and law of the remaining claims and those that have been dismissed are not unrelated.").

Although there are "costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket," *Frank Briscoe Co.*, 776 F.2d at 1416, those costs and risks are minimal in this case. As a result of this Court's March 20, 2013 Order, NWMA is unable to get the full relief requested in its complaint. *See Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987) (stating that Rule 54(b) certification is ordinarily disfavored in cases where the plaintiff can still obtain full recovery and might never need to "appeal the instant judgments" but ultimately upholding Rule 54(b) judgment because the partial summary judgments narrowed the issues and efficiently separated the legal from the factual questions.). Because of this, NWMA will likely appeal this Court's March 20, 2013 Order regardless of the outcome on its other claims and the Ninth Circuit will eventually have to expend judicial resources to resolve the issue raised by NWMA's Seventh Claim for Relief. If this Court grants Rule 54(b) certification, however, it will help to "streamline the ensuing litigation," *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 797-98 (9th Cir. 1991), because the Ninth Circuit may not have to expend judicial resources resolving the other issues in this case.

An additional reason why this Court should enter judgment pursuant to Rule 54(b) is because this Court's decision on the Claim involves an issue of widespread importance that has not been definitively resolved by the Ninth Circuit. *See PAETEC Commc'ns, Inc. v. MCI Commc'ns Servs., Inc.*, 784 F. Supp. 2d 542, 548 (E.D. Pa. 2011) (entering judgment pursuant to Rule 54(b) in part because the court "decided an issue important to

the telecommunications industry as a matter of first impression"); *see also Purdy Mobile Homes, Inc. v. Champion Home Builders Co.*, 594 F.2d 1313, 1316-17 (9th Cir. 1979) (upholding 54(b) certification in part because the resolved claim involved "an interpretation of [an] Act on which there is some disagreement among the courts.").  The issue of the Secretary's authority to make large-tract withdrawals is a matter of great importance to NWMA's members and the mining industry in general as the number of large-tract withdrawals has increased in recent years.  *See* Doc. *53-2 (Declaration of NWMA's Executive Director); Doc. 110-1 (Declaration of David C. Fredley explaining history and number of large-tract withdrawals).  Even Defendants view this issue as "a matter of great importance to the United States and one with far-reaching ramifications." Doc. 94 at 3.

Finally, examining the equities involved in this case demonstrates that any concerns about proper judicial administration are outweighed by NWMA's interests in quickly resolving the issue raised by its Seventh Claim for Relief.  While taking an immediate appeal of this Court's March 20, 2013 Order would not prejudice either the Defendants or Intervenors, a delay would significantly prejudice NWMA and its members.

Pursuant to this Court's Case Management Order, briefing on the remaining issue will not begin until November 8, 2013, at the earliest, and is slated to continue for five and one-half months. Doc. 141.  Optimistically, a decision on the remaining claims will not be issued until the summer of 2014.  During that time, NWMA's members must continue to pay an annual maintenance fee of $140 per claim in the withdrawn area on or before

September 1 of each year.  30 U.S.C. § 28f; 74 Fed. Reg. 30,959 (June 29, 2009).  The record in this case indicates that at least 3,000 mining claims were located within the withdrawn area, which means that over $420,000.00 in maintenance fees are payable annually to the U.S. Interior Department to prevent forfeiture of the pre-existing mining claims by operation of law.  These substantial annual payments are not recoverable. Having to pay maintenance fees is especially burdensome because the withdrawal essentially prevents NWMA members from developing their claims unless they submit to an expensive and time-consuming validity examination.  Doc. 87 at 12 (this Court noting that NWMA members have "alleged both immediate and ongoing financial injury to their investments as a result of [the withdrawal and] the new regulatory scheme"); *see* Docs. *53-3, *53-4,* 53-5, *53-6 (Declarations of NWMA members alleging the same). Granted, to secure a decision on appeal will take time.  U.S. Court of Appeals for the Ninth Circuit, *Frequently Asked Questions*, http://www.ca9.uscourts.gov/content/faq.php (last visited June 10, 2013) (noting that it takes between twelve and twenty months from the date of the notice of appeal for a case to be heard by the Ninth Circuit).  Yet, entry of judgment on NWMA's Seventh Claim for Relief may shave a year or two off the time that NWMA's members must pay maintenance fees on essentially undevelopable claims.

Therefore, the prejudice to NWMA and its members outweighs the minimal costs and risks of multiplying the number of proceedings in the Court of Appeals.  *Frank Briscoe Co*, 776 F.2d at 1416 (stating that judgments under Rule 54(b) should be reserved for cases "in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants

for an early and separate judgment as to some claims or parties.").

Because NWMA's Seventh Claim for Relief is separable, both factually and legally, from its other claims, this Court and the Ninth Circuit will likely expend the same amount of judicial resources regardless of how this Court rules on the motion.  On the other hand, the costs of delaying appellate review on the issue of the Secretary's authority to make large-tract withdrawals are significant.  As a result, there is no just reason for delaying certification of final judgment on NWMA's Seventh Claim for Relief.

### CONCLUSION

For the foregoing reasons, this Court should grant NWMA's motion for final judgment on its Seventh Claim for Relief.

DATED this 10th day of June 2013.

Respectfully Submitted,

/s/ Jeffrey Wilson McCoy

Jeffrey Wilson McCoy (CO No. 43562)
Steven J. Lechner (CO No. 19853)
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmccoy@mountainstateslegal.com
lechner@mountainstateslegal.com

Attorneys for Plaintiff Northwest Mining Association

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on this 10th day of June 2013, I filed the foregoing document

3   using the Court's CM/ECF system, which caused all counsel of record to be served

4   electronically, and by first class mail to Gregory Yount at the following address: 807 West

5   Butterfield Road, Chino Valley Arizona 86323.

6
                                    /s/ Jeffrey Wilson McCoy
7                                   Jeffrey Wilson McCoy, Esq. (CO No. 43562)
                                    MOUNTAIN STATES LEGAL FOUNDATION
8                                   2596 South Lewis Way
9                                   Lakewood, Colorado 80227
                                    Phone:  303-292-2021
10                                  Fax:  303-292-1980
11                                  jmccoy@mountainstateslegal.com

12                                  Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28