R. Timothy McCrum (*pro hac vice*; DC Bar No. 389061)
J. Michael Klise (*pro hac vice*; DC Bar No. 412420)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2595
Phone:  202-624-2500
Facsimile:  202-628-5116

Attorneys for Plaintiff National Mining Association

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Yount,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Sally Jewell, et al.,[1]<br><br>　　　　Defendants. | CV11-8171 PHX DGC, et al. (consolidated)<br><br>NATIONAL MINING ASSOCIATION'S REPLY IN SUPPORT OF NORTHWEST MINING ASSOCIATION'S MOTION FOR FINAL JUDGMENT ON ITS SEVENTH CLAIM FOR RELIEF |

Plaintiff National Mining Association ("NMA") files this reply in support of Plaintiff Northwest Mining Association's Motion for Final Judgment on its Seventh Claim for Relief pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (Doc. 146), in which NMA joined, and in response to the Oppositions filed by the Federal Defendants ("Fed. Opp.," Doc. 148) and the Defendant-Intervenors ("Int. Opp.," Doc. 149).[2]

The Federal Defendants contend that:  (1) the motion is premature because NMA and NWMA have not established standing on their *Chadha* claims; (2) the *Chadha* claims should not be appealed separately because they are intertwined with the various plaintiffs' other claims based on a single record; (3) issuing an appealable final judgment on the *Chadha* claims would create confusion in the court of appeals; and (4) NMA and

---

[1] Secretary of the Interior Sally Jewell is automatically substituted as Defendant for former Secretary of the Interior Kenneth L. Salazar pursuant to Fed. R. Civ. P. 25(d).

[2] Federal Defendants state incorrectly that Plaintiff Nuclear Energy Institute also joined in the motion.  Fed. Opp. 1.  NMA alone filed the Notice of Joinder.  *See* Doc. No. 147.

1

1  NWMA are not prejudiced by delaying final judgment on those claims until the Court
2  resolves all the remaining other claims.  The Intervenors echo these arguments.  All these
3  arguments are without merit, as we explain below.

**ARGUMENT**

1. Federal Defendants erroneously contend that the motion is premature because, allegedly, NMA and NWMA have not demonstrated standing beyond the pleadings stage.  Opp. at 5-6.  *See also* Int. Opp. at 5.  In opposing the Federal Defendants' motions to dismiss, NMA and NWMA filed declarations attesting to the current and ongoing severe economic harm their members are suffering as a result of the challenged land withdrawal.  The Court credited those declarations when it ruled that NMA and NWMA satisfied the "injury in fact requirement of Article III standing." Order (Jan. 8, 2013) (Doc. No. 87) at 10; *see also id.* at 13.  The proof that Federal Defendants accuse us (at 6) of trying to "circumvent" is proof we already have made.

As the Federal Defendants recognize, standing must be shown "with the manner and degree of evidence required at the successive stages of litigation."  Fed. Opp. at 6 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  NMA and NWMA have met that burden.  Their declarations went beyond the pleadings and established standing sufficient to enable the Court to reach the merits at summary judgment on the *Chadha* claims.  *See* Fed. R. Civ. P. 56(c)(1) (for summary judgment, facts may be established by "declarations").  At that dispositive stage of these proceedings, the Federal Defendants' cross-motion and opposition did not contest standing (*see* Doc. No. 101), much less refute the declarations; and the Court did not further question standing, despite the ability to do so *sua sponte* had there been any doubt about it.  *See* Order (Mar. 20, 2013) (Doc. No. 130).

2. The Federal Defendants' argument (Fed. Opp. at 6-7) that final judgment on the *Chadha* claims in inappropriate because of the "interrelationship" with other claims is likewise without merit.  *See also* Int. Opp. at 4-6 (similar argument).  The history of this litigation demonstrates that the constitutional *Chadha* claims, while

indisputably rooted in the same federal agency action as the remaining claims, are legally discrete and severable from claims arising under the National Environmental Policy Act and the Administrative Procedure Act.  When NMA and NWMA moved for partial summary judgment on the *Chadha* claims, the Federal Defendants and Intervenors not only did not protest about piecemeal briefing as they do now, but affirmatively joined in addressing the *Chadha* claims separately from, and in advance of, the other claims by themselves *cross-moving* for partial summary judgment.  *See* Docs. 101, 102.  Nor did the Court in its summary judgment order express any reservations about according the *Chadha* claims separate treatment.  *See* Doc. 130.  An immediate appeal on the *Chadha* claims alone can proceed for precisely the same reasons that summary judgment proceedings on them were appropriate in this Court:  the claims are constitutional in nature, raise purely legal issues, are potentially dispositive of this entire action, and do not require an administrative record to resolve.

3.     Federal Defendants and Intervenors contend that allowing a separate appeal now would sow confusion in the court of appeals.  On the contrary, a separate appeal on the *Chadha* claims, centering on the important issue of whether the admittedly unconstitutional legislative veto provision is severable from the remainder of section 204(c) of the Federal Land Policy Management Act ("FLPMA"), will enable the parties and the court of appeals to focus exclusively on that important, potentially dispositive issue.  Because the issue is purely one of statutory construction and legislative intent, detailed review of the administrative record (as posited by the Federal Defendants (at 8)) would no more be needed in the court of appeals than it was when this Court resolved the cross-motions for summary judgment.  "[T]hose parts of [the record] cited by" the parties, 5 U.S.C. § 706, which were not voluminous, were sufficient.  And, contrary to Intervenors' argument (at 5-6), the court of appeals would not have to address legal or factual issues that may still be pending in this Court.  The court of appeals would be addressing discrete constitutional claims whose merits this Court already has resolved.  As for Intervenors' unspecified "factual issues," the principal "fact" is the undisputed one

1   that the putative authority for the contested Secretarial land withdrawal of more than one
2   million acres of federal lands was section 204(c) of FLPMA.

3       4.    The Court's exercise of discretion in ruling on a Rule 4(b) motion should
4   take into account not only judicial administrative interests, but also "the equities
5   involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980).  The Federal
6   Defendants brush aside the severe ongoing economic harm shown in NMA's and
7   NWMA's declarations and argue, oddly enough, that NMA and NWMA are to blame for
8   "elongating" the proceedings in this Court by "insisting on bifurcated summary judgment
9   briefing." Fed. Opp. at 9.  Yet the purpose of moving for summary judgment on the
10  discrete *Chadha* claims was just the opposite – to expeditiously resolve this overarching,
11  potentially dispositive issue early on, without awaiting time-consuming production and
12  party review of the full administrative record, potential motions practice over its contents,
13  and briefing on the other multiple claims raised by the all the plaintiffs in these
14  consolidated proceedings.

15      The Intervenors' attempt to minimize the economic impact of the withdrawal is
16  likewise infirm. Int. Opp. at 11 n.5.  The ongoing harm to the plaintiff mining claimants
17  is indeed harsh.  The subject federal lands were previously open to mineral entry and
18  multiple use development activities.  The declarations of the NMA and NWMA members
19  submitted to this Court in response to the unfounded motions to dismiss filed by the
20  United States demonstrated that millions of dollars of uranium mining investments were
21  essentially blocked by the Executive's land withdrawal actions at issue here.  Because of
22  the withdrawal actions, the mining claimants are not able to proceed with land-disturbing
23  activity unless they submit to a protracted and costly mineral examination by the federal
24  defendants.  This Court's order on standing credited these declarations.  Furthermore,
25  while this bureaucratic limbo persists, the mining claimants must annually tender
26  hundreds of thousands of dollars to the U.S. Interior Department to prevent the absolute
27  forfeiture of their property interests in the mining claims.  The harm being suffered by the
28  plaintiffs is harsh and ongoing.

## CONCLUSION

The motion for entry of final judgment on NMA's and NWMA's *Chadha* claims should be granted.

Respectfully submitted,

*/s/ R. Timothy McCrum*

Of Counsel:

Katie Sweeney
NATIONAL MINING ASSOCIATION
101 Constitution Avenue, N.W.
Suite 500 East
Washington, DC  20001
(202) 463-2600

R. Timothy McCrum
J. Michael Klise
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
(202) 624-2500

ATTORNEYS FOR PLAINTIFF NATIONAL MINING ASSOCIATION

Dated: July 2, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused the foregoing Reply to be served upon counsel of record through the Court's electronic service system (ECF/CM) and by first class mail to Gregory Yount at the following address: 807 West Butterfield Road, Chino Valley Arizona 86323.

Dated: July 2, 2013

*/s/ R. Timothy McCrum*
R. Timothy McCrum
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
(202) 624-2500