Steven J. Lechner (*Pro Hac Vice*, CO No. 19853)
Jeffrey Wilson McCoy (*Pro Hac Vice*, CO No. 43562)
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
lechner@mountainstateslegal.com
jmccoy@mountainstateslegal.com

Attorneys for Plaintiff Northwest Mining Association

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GREGORY YOUNT,<br><br>        Plaintiff,<br><br>    v.<br><br>SALLY JEWELL,* *et al.*,<br><br>        Defendants. | No. CV11-8171-PCT-DGC<br>(Lead Case)<br><br>**NORTHWEST MINING ASSOCIATION'S COMBINED REPLY IN SUPPORT OF ITS MOTION FOR FINAL JUDGMENT ON ITS SEVENTH CLAIM** |
| NATIONAL MINING ASSOCIATION and NUCLEAR ENERGY INSTIUTE,<br><br>        Plaintiffs,<br><br>    v.<br><br>SALLY JEWELL, *et al.*,<br><br>        Defendants. | No. CV12-8038-PCT-DGC |
| NORTHWEST MINING ASSOCIATION,<br><br>        Plaintiff,<br><br>    v.<br><br>SALLY JEWELL, *et al.*,<br><br>        Defendants. | No. CV12-8042-PCT-DGC |

QUATERRA ALASKA, INC. *et al.,*

        Plaintiffs,

   v.

SALLY JEWELL, *et al.*,

        Defendants.

No. CV12-8075-PCT-DGC

---

[*] Secretary of the Interior Sally Jewell is automatically substituted as Defendant for former Secretary of the Interior Kenneth L. Salazar pursuant to Fed. R. Civ. P. 25(d).

## NWMA'S COMBINED REPLY IN SUPPORT OF ITS MOTION FOR FINAL JUDGMENT ON ITS SEVENTH CLAIM FOR RELIEF

Plaintiff Northwest Mining Association ("NWMA") files this reply to Federal Defendants' and Defendant-Intervenors' responses to NWMA's Motion for Final Judgment on its Seventh Claim for Relief (Docs. 148 and 149, respectively). On June 12, 2013, NWMA filed a motion pursuant to Federal Rule of Civil Procedure 54(b), requesting that this Court enter final judgment on its Seventh Claim for Relief, which alleges that the Secretary of the Interior exceeded his authority in withdrawing over 5,000 acres of federal land in Northern Arizona. Doc. 146 ("Rule 54(b) motion"). Defendants filed their response to NWMA's motion on June 27, 2013, and Defendant-Intervenors filed their response on July 1, 2013. On July 2, 2013, Plaintiff National Mining Association filed a combined reply in support of NWMA's motion. Doc. 150. NWMA hereby incorporates all the arguments made by Plaintiff National Mining Association in its combined reply, in an attempt to minimize duplicative arguments.

## ARGUMENT

### I. THIS COURT SHOULD NOT CONSIDER FEDERAL DEFENDANTS' STANDING ARGUMENTS WHEN DECIDING WHETHER TO GRANT NWMA'S RULE 54(B) MOTION.

Defendants attempt to argue that NWMA has failed to prove standing and, thus, this Court should not grant NWMA's Rule 54(b) motion. Doc. 148 at 8–9.[1] Although objections to subject-matter jurisdiction may be raised at any time, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. ___, 131 S. Ct. 1197, 1202 (2011), Defendants'

---

[1] Page numbers refer to the page numbers assigned by the CM/ECF system.

arguments that NWMA has failed to prove subject-matter jurisdiction are disingenuous. In denying Defendants' motion to dismiss, this Court clearly and correctly held that NWMA had Article III standing based upon the declarations submitted by NWMA. Doc. 87 at 10–13. In NWMA's motion for partial summary judgment on its Seventh Claim for Relief, NWMA expressly incorporated its previous declarations and reserved the right to supplement those declarations if Defendants challenged the sufficiency of NWMA's declarations at the summary judgment stage. Doc. 90 at 7 n.3. Defendants, however, refused to challenge NWMA's declarations or NWMA's standing at the summary judgment stage. Furthermore, if this Court grants NWMA's Rule 54(b) motion, Defendants will not be barred from raising standing on appeal. Although Defendant-Intervenors argue that if this Court grants the Rule 54(b) motion, the Court of Appeals may have to decide standing twice (Doc. 149 at 6), this is speculative. If Article III standing were raised on appeal of the Rule 54(b) motion, any ruling would provide a clear indication of the Ninth Circuit's position and likely obviate the need to rule on Article III standing a second time.

**II.  THERE IS NO JUST REASON TO DELAY AN APPEAL OF NWMA'S SEVENTH CLAIM FOR RELIEF.**

In this case, "the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Martinelli v. Petland, Inc.*, No., 09-cv-529-DGC, 2010 WL 1416512, at *1 (D. Ariz. Apr. 7, 2010). As demonstrated in NWMA's memorandum in support of its Rule 54(b) motion, the costs

and risks of multiple appeals are minimal, while the needs of NWMA and its members are not.  Doc 146 at 7–12.

   Defendants and Defendant-Intervenors note that that all of NWMA's claims arise from the same event, *i.e.*, the withdrawal, to argue that an immediate appeal of NWMA's Seventh Claim for Relief will burden the Ninth Circuit.  Doc 148 at 11; Doc. 149 at 5.  That argument fails to take into account the fact that this Court did not need to review Defendants' voluminous administrative record in order to resolve NWMA's Seventh Claim for Relief.  *See* Doc. 130.  In *Wood v. GCC Bend, LLC*, 422 F.3d 873 (9th Cir. 2005), the Ninth Circuit specifically ruled that "claims with overlapping facts are [not] foreclosed from being separate for purposes of Rule 54(b)" only that "[t]he greater the overlap the greater the chance that this court will have to revisit the same facts–spun only slightly differently–in a successive appeal." *Id.* at 881–82.  Here, there is no chance of the Ninth Circuit having to review the administrative record twice if NWMA's Rule 54(b) motion is granted.  Furthermore, the Ninth Circuit may never have to review the record if NWMA prevails on appeal with respect to its Seventh Claim for Relief.

   Defendant-Intervenors further argue that "there is a chance that there may be no appeal [of NWMA's Seventh Claim for Relief] at all" because NWMA may prevail on its remaining claims for relief.  Doc. 149 at 9.  If NWMA succeeds on its remaining claims, however, there is no guarantee that the withdrawal will be vacated.  Indeed, Defendant-Intervenors themselves will probably argue for remand without vacatur, which would leave the withdrawal in place.  *See Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1343 (9th Cir.1995) ("Although the district court has power to do so, it is not required to set aside

every unlawful agency action."); *cf.* Doc. 117 at 16 (Defendants-Intervenors incorrectly arguing for additional briefing on remedy because vacatur may not be appropriate if NWMA were to prevail on its Seventh Claim for Relief). Yet, if NWMA prevails on appeal as to its Seventh claim for Relief, there would be no remand and the withdrawal would be vacated because the Secretary would lack the authority to make large-tract withdrawals. As a result, it is likely that NWMA would appeal this Court's decision on its Seventh Claim for Relief regardless of the outcome of its other claims.

## **CONCLUSION**

For the foregoing reasons, this Court should grant NWMA's motion for final judgment on its Seventh Claim for Relief.

DATED this 8th day of July 2013.

Respectfully Submitted,

/s/ Jeffrey Wilson McCoy
Jeffrey Wilson McCoy (CO No. 43562)
Steven J. Lechner (CO No. 19853)
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmccoy@mountainstateslegal.com
lechner@mountainstateslegal.com

Attorneys for Plaintiff Northwest Mining Association

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July 2013, I filed the foregoing document using the Court's CM/ECF system, which caused all counsel of record to be served electronically, and by first class mail to Plaintiff Gregory Yount.

/s/ Jeffrey Wilson McCoy
Jeffrey Wilson McCoy, Esq. (CO No. 43562)
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
Phone:  303-292-2021
Fax:  303-292-1980
jmccoy@mountainstateslegal.com

Attorney for Plaintiff