Jeffrey Wilson McCoy (*Pro Hac Vice*, CO No. 43562)
Steven J. Lechner (*Pro Hac Vice*, CO No. 19853)
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmccoy@mountainstateslegal.com
lechner@mountainstateslegal.com

Attorneys for Plaintiff American Exploration & Mining Association

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| GREGORY YOUNT,<br><br>  Plaintiff,<br><br>  v.<br><br>S.M.R. JEWELL, *et al.*,<br><br>  Defendants. | No. CV11-8171-PCT-DGC<br>(Lead Case)<br><br>**PLAINTIFFS' COMBINED OPPOSITION TO FEDERAL DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME AND ADDITIONAL PAGES FOR DEFENDANTS' JOINT SUMMARY JUDGMENT REPLY BRIEF** |
| NATIONAL MINING ASSOCIATION and NUCLEAR ENERGY INSTIUTE,<br><br>  Plaintiffs,<br><br>  v.<br><br>S.M.R. JEWELL, *et al.*,<br><br>  Defendants. | No. CV12-8038-PCT-DGC |
| AMERICAN EXPLORATION & MINING ASSOCIATION,<br><br>  Plaintiff,<br><br>  v.<br><br>S.M.R. JEWELL, *et al.*, | No. CV12-8042-PCT-DGC |

| | |
|---|---|
| Defendants. <br> QUATERRA ALASKA, INC. *et al.,* <br>     Plaintiffs, <br>  v. <br> S.M.R. JEWELL, *et al.*, <br>     Defendants. | No. CV12-8075-PCT-DGC |

All Plaintiffs in these consolidated actions, by and through their undersigned attorneys, file this Combined Opposition to Federal Defendants' Motion for Enlargement of Time and Additional Pages for Defendants' Joint Summary Judgment Reply Brief. Doc. 219. As demonstrated below, this Court should deny the motion because Defendants have failed to demonstrate sufficient grounds for altering this Court's previous case management orders. Docs. 141 and 197. The grounds for this Opposition are as follows:

1. On April 12, 2014 all parties conferred by telephone to discuss the briefing schedule for all parties' motions for summary judgment. On April 15, 2013, the parties submitted a proposed schedule to this Court for its consideration. Doc. 138.

2. On April 17, 2013, this Court held a case management conference to discuss the proposed briefing schedule. All parties had the opportunity to explain their anticipated needs for briefing of the cross-motions for summary judgment. On April 23, 2013, this Court issued a Case Management Order. Doc. 141.

3. Based on the case management conference, this Court ordered that the four Plaintiffs groups file no more than three motions for summary judgment, no longer than 30 pages each, and limit supporting statements of fact to 20 pages each. Doc. 141 at 2. Defendants were allotted 60 pages for a memorandum in support of a cross-motion for summary judgment and responding to Plaintiffs' motions, with a supporting statement of facts no longer than 40 pages. Doc. 141 at 2. Intervenors were allotted 30 pages for a memorandum in support of a cross-motion for summary judgment and responding to Plaintiffs' motions, with a supporting statement of facts no longer than 20 pages. Doc.

Opposition to Defendants' Motion for Enlargement of Time and Additional Pages     3

141 at 3.  For the responses/replies, Plaintiffs were limited to three memoranda, no more than 30 pages each, supported by statements of facts not to exceed 20 pages.  Doc. 141 at 3.  Finally, Defendants and Intervenors were allotted a single reply not to exceed 30 pages.  Doc. 141 at 3.  For all briefs, the Case Management Order reduced the amount of allotted pages from the amount requested in the proposed briefing schedule.

4.  Importantly, in the Case Management Order, this Court emphasized the need for concise briefs.  This Court ordered that all parties shall avoid duplication of arguments and should use fewer than the allotted pages, if possible.  Doc. 141 at 2–3.  This Court also reminded the parties that "brevity is the soul of wit <u>and</u> persuasion.  Longer briefs are not necessarily helpful."  Doc. 141 at 3 (emphasis in original).

5.  Up to this point, all parties have complied with this Court's Case Management Order.  Plaintiffs have cooperated in an effort to avoid duplication of arguments and reduce the amount of pages in order to avoid any unnecessary arguments.

6.  Defendants now argue that 15 additional pages are necessary because Plaintiffs filed 85 pages of argument, with over 180 footnotes, as well as an additional statement of facts and an addendum.  Doc. 219 at 3.  This is not a sufficient ground for granting Defendants' request for additional pages.

7.  In accordance with this Court's instructions, Plaintiffs' responses/replies were five pages under the total amount set by this Court.  This was no small task considering that Plaintiffs had to respond and reply to 90 pages of argument, with over 100 footnotes, and two statements of fact totaling over 30 pages.  *See* Docs. 198 and 208.  Additionally, Plaintiffs had to respond to Amici Curiae's 16-page brief.  *See* Doc.201.

8. Defendants overstate the amount of substantive footnotes contained in Plaintiffs' responses/replies. Most of the footnotes in Plaintiffs National Mining Association and Nuclear Energy Institute's brief were as a result of a stylistic choice to include citations in footnotes, rather than the body of the brief.

9. The Addendum for Plaintiffs Quaterra, Inc. and Arizona Utah Local Economic Coalition does not provide additional argument, and was included for the convenience for this Court and the parties. The first addendum was excerpts from *One Third of the Nation's Land*, which this Court has previously considered (*see* Doc. No. 130 at 7–9), and which Defendants should be familiar with. *See* Doc. 101 at 18 (Defendants citing *One Third of the Nation's Land*). The second addendum was a law review article by Charles F. Wheatley, Jr. Although law review articles are usually not attached to a brief, the Wheatley article was published in 1979 and is not readily available. Finally, Plaintiffs attached an unpublished opinion.

10. Therefore, the amount of argument filed by Plaintiffs could not have been unanticipated by Defendants. Plaintiffs did not exceed the page limits for argument and, in fact, succeeded in reducing the number of pages in an attempt to be concise. Accordingly, Defendants have failed to demonstrate special circumstances that would necessitate additional pages.

11. Defendants also request an extension of time to file their reply brief. Doc. 219 at 4–5. Defendants have previously requested three extensions of the briefing schedule. Docs. 162, 191, 194. Because of the unique circumstances surrounding those requests, and the fact that those circumstances were outside of Defendants' control,

Plaintiffs consented to the previous extensions of time.

12. Although Plaintiffs are sympathetic to competing demands of the practice of law, Defendants fail to state "extraordinary circumstances" that would justify a fourth extension of the briefing schedule. Doc. 197 (This Court stating that no further extensions of time would be granted "absent extraordinary circumstances"). Plaintiffs, like Defendants, had to deal with competing scheduling conflicts and had to coordinate among four Plaintiffs groups that do not have "complete alignment of legal position[s] . . . ." Doc. 219 at 4. Accordingly, Defendants have failed to demonstrate extraordinary circumstances justifying an additional extension of time.

WHEREFORE, Plaintiffs respectfully request that this Court deny Defendants' Motion for Enlargement of Time and Additional Pages for Defendants' Joint Summary Judgment Reply Brief.

DATED this 8th day of May 2014.

Respectfully submitted,

/s/ Jeffrey Wilson McCoy
Jeffrey Wilson McCoy (CO No. 43562)
Steven J. Lechner (CO No. 19853)
Mountain States Legal Foundation
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
(303) 292-1980 (facsimile)
jmccoy@mountainstateslegal.com
lechner@mountainstateslegal.com

Attorneys for Plaintiff American Exploration & Mining Association

|   |   |
|---|---|
|   | /s/ Constance E. Brooks |
|   | Constance E. Brooks |
|   | C. E. Brooks & Associates, P.C. |
|   | 303 East 17th Avenue, Suite 650 |
|   | Denver, Colorado 80203 |
|   | Tel. 303-297-9100 Fax. 303-297-9101 |
|   |   |
|   | Attorney for Plaintiffs Quaterra Resources, Inc. and Arizona Utah Local Economic Coalition. |

|   |   |
|---|---|
|   | /s/ Susan M. Mathiascheck |
| Of Counsel: | Susan M. Mathiascheck |
|   | John C. Martin |
| Ellen Ginsberg | Amy B. Chasanov |
| NUCLEAR ENERGY INSTITUTE | CROWELL & MORING LLP |
| 1776 I Street, N.W., Suite 400 | 1001 Pennsylvania Avenue, N.W. |
| Washington, D.C. 20006 | Washington, D.C. 20004-2595 |
| (202) 739-8000 | (202) 624-2500 |

ATTORNEYS FOR PLAINTIFF NUCLEAR ENERGY INSTITUTE

|   |   |
|---|---|
|   | /s/ R. Timothy McCrum |
| Of Counsel: | R. Timothy McCrum |
|   | CROWELL & MORING LLP |
| Katie Sweeney | 1001 Pennsylvania Avenue, N.W. |
| NATIONAL MINING ASSOCIATION | Washington, D.C. 20004-2595 |
| 101 Constitution Avenue, N.W. | (202) 624-2500 |
| Suite 500 East |   |
| Washington, DC 20001 |   |
| (202) 463-2600 |   |

ATTORNEYS FOR PLAINTIFF NATIONAL MINING ASSOCIATION

_signature_

Gregory Yount
807 W. Butterfield Road
Chino Valley, Arizona 86323
(928) 899-7029
Gregory_yount@northern-arizona-uranium-project.com

Plaintiff *Pro Se*

Opposition to Defendants' Motion for Enlargement of Time and Additional Pages   8

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of May 2014, I filed the foregoing document using the Court's CM/ECF system, which caused all counsel of record to be served electronically, and by first class mail to Gregory Yount at the following address: 807 West Butterfield Road, Chino Valley Arizona 86323.

/s/ Jeffrey Wilson McCoy
Jeffrey Wilson McCoy, Esq. (CO No. 43562)
MOUNTAIN STATES LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
Phone: 303-292-2021
Fax: 303-292-1980
jmccoy@mountainstateslegal.com

Attorney for Plaintiff American Exploration & Mining Association